## 56794. THORNTON CHEVROLET, INC. et al. v. MORGAN.

BELL, Chief Judge.

This is a workers' compensation case. The employer and insurer appeal from the order of the superior court which found that there is sufficient, competent evidence to support the findings of fact in the award of the administrative law judge, which was made the award of the Board of Workers' Compensation. The administrative law judge found that claimant has been an automobile painter for the past forty years. The judge further found that because of his smoking habits, claimant has an underlying problem of chronic bronchitis and emphysema which has developed over forty years. However, the judge also found that this pre-existing condition was aggravated by a series of episodes beginning in October, 1976, in which claimant breathed fumes at his place of employment containing isocyanates, a substance in paint hardening compounds used in acrylic enamel paint. As a result, claimant experienced respiratory problems and on January 4, 1977, claimant experienced a serious episode of bronchospasm which resulted in his total incapacity to work. Therefore, the judge found that claimant sustained injury by accident on January 4, 1977; that the inhalation of the isocyanates aggravated claimant's pulmonary disease; and that the fume inhalation at work was a substantive contributing cause of claimant's total disability. Claimant was awarded compensation to continue until the award is modified or terminated according to law. *Held:*

Appellants do not dispute the fact that the exposure caused claimant's acute respiratory problems; however, they assert that the exposure caused only a temporary disability and that the present disability is a result of claimant's chronic emphysema caused by his history of smoking. The doctor who treated claimant testified that

exposure to irritants could aggravate the underlying disease to the point of disablement. The aggravation of a pre-existing condition was sufficient of itself to constitute the cause of the claimant's inability to work, and the aggravation thus constituted compensable injury. Code Ann. § 114-102. Therefore, there was sufficient, competent evidence to support the findings of fact and the award. We are bound to affirm.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED OCTOBER 30, 1978 — DECIDED JANUARY 5, 1979 — REHEARING DENIED JANUARY 18, 1979 — 

*Michael S. Reeves,* for appellants.
*McCord, Cooper, Voyles & Kimbrough, James M. Kimbrough, H. Clifton Woodson,* for appellee.