68658. MOTOR CONVOY, INC. et al. v. MADDOX.
(323 SE2d 235)

SOGNIER, Judge.

Motor Convoy, Inc. and its insurer, Transport Insurance Co., were granted this discretionary appeal from a judgment of the superior court reversing the decision of the State Board of Workers' Compensation and reinstating the award of the ALJ assessing punitive attorney fees against Motor Convoy and Transport Insurance and in favor of Claimant Maddox.

Appellants contend that the trial court erred when it substituted itself as the trier of fact and rejected the Board's findings on the issue of the reasonableness of appellants' actions for purposes of assessing attorney fees under OCGA § 34-9-108 (b) (1). The ALJ found that the appellants acted without reasonable grounds in changing the status of appellee's benefits from payments for an indefinite period under

OCGA § 34-9-261 to limited payments under OCGA § 34-9-263 and, therefore, assessed attorney fees against appellants. The Board, on de novo consideration, adopted the findings of fact and conclusions of law of the ALJ with the exception that the Board found that appellants did not act without reasonable grounds. Therefore, the Board denied the assessment of attorney fees against appellants.

Assessment of attorney fees may be predicated "[u]pon a determination that proceedings have been brought, prosecuted or defended in whole or part without reasonable grounds." OCGA § 34-9-108 (b) (1). This presents an issue of fact for determination by the board, *West Point Pepperell v. Gordon*, 163 Ga. App. 837, 838 (3) (296 SE2d 155) (1982); *Union Carbide Corp. v. Coffman*, 158 Ga. App. 360, 362 (280 SE2d 140) (1981), and where there is any evidence to support the Board's award the court must affirm. *West Point Pepperell v. Gordon*, supra; *Howard Sheppard, Inc. v. McGowan*, 137 Ga. App. 408, 410 (1) (224 SE2d 65) (1976). Witnesses for appellants testified that appellee had voluntarily retired and had chosen not to avail himself of rehabilitative services provided by appellant employer following the injury. Appellant insurer's regional claims manager stated she understood that the Board approved changing benefits under those circumstances. Since there was some evidence to support the Board's denial of an assessment of attorney fees based on its finding that appellants did not act without reasonable grounds, it was error for the trial court to reverse the Board as to attorney fees. See *Moon v. Cook & Co.*, 170 Ga. App. 569, 572 (1) (b) (317 SE2d 642) (1984).

*Judgment reversed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 4, 1984 —
REHEARING DENIED OCTOBER 22, 1984

*Richard S. Howell*, for appellants.
*David H. Fink*, for appellee.