## 77281. HENRY GENERAL HOSPITAL et al. v. STEPHENS.
### (376 SE2d 705)

CARLEY, Judge.

Ralph Stephens sought workers' compensation benefits but died before a hearing could be held. After his death, the workers' compensation claim was pursued by his widow, appellee Betty Stephens. The Administrative Law Judge (ALJ) found that Mr. Stephens' pre-existing hepatitis condition had been aggravated by his employment and that that aggravation had initially resulted in his compensable disability and in his eventual death. Accordingly, the ALJ awarded benefits to appellee. Appellants, the employer and its workers' compensation insurance carrier, appealed to the Full Board. After a de novo review, the Full Board adopted the findings of the ALJ and, with some slight modification as to the amount of compensation, made the ALJ's award to appellee its award. Appellants appealed to the superior court and the award of the Full Board was affirmed. Ap-

pellants then applied for a discretionary appeal to this court. This appeal results from the grant of appellants' application.

1. Appellants contend that there was no evidence to authorize the ALJ to find that the deceased employee's employment entailed the performance of vigorous or strenuous duties. "It is axiomatic that any finding of fact by the board, if supported by any evidence, is conclusive and binding upon the superior court and this court. [Cits.]" *Walton County Bd. of Commrs. v. Williams*, 171 Ga. App. 779, 780 (320 SE2d 846) (1984). See also *Dalton Fire Dept. v. Gossage*, 185 Ga. App. 96 (1) (363 SE2d 349) (1987); *Kwon v. Fleming*, 184 Ga. App. 861, 863 (2) (363 SE2d 28) (1987). A review of the record shows that there was ample evidence to support the finding that the deceased's job duties were vigorous or strenuous.

2. Appellants also contend that there was no evidence to authorize the ALJ to find that "the decedent's job duties . . . facilitated the progression of his pre-existing hepatitis."

The decedent's treating physician testified that "in good general medical practice . . . excessive activity, stress, and so forth either exacerbates—in some cases may even cause worsening of [hepatitis]. I think it is reasonable to presume that that would be the case here. . . . I would think it is reasonable to suggest that [exertion or stress, either physical or mental,] would make [hepatitis] worse, based on all my experience and reading, as well as with [the deceased]." Accordingly, "[t]he doctor who treated claimant testified that [the deceased's strenuous and stressful job activities] could aggravate the underlying disease to the point of disablement. The aggravation of a pre-existing condition was sufficient of itself to constitute the cause of the claimant's inability to work, and the aggravation thus constituted compensable injury. [Cit.] Therefore, there was sufficient, competent evidence to support the findings of fact and the award. We are bound to affirm." *Thornton Chevrolet v. Morgan*, 148 Ga. App. 711, 711-712 (252 SE2d 178) (1979). "This doctor's opinion that work *could* have caused the [aggravation of the decedent's pre-existing hepatitis condition] merely left it to the factfinder to determine whether *in fact* it *did* . . . aggravate the [hepatitis] condition. [Cits.] This evidence . . . [was] sufficient to support a finding for claimant ([cits.]). . . ." (Emphasis in original.) *Carter v. Kansas City Fire &c. Ins. Co.*, 138 Ga. App. 601, 603 (226 SE2d 755) (1976).

There is medical evidence of record which contradicts the above-stated opinion of the decedent's treating physician. This evidence would not, however, authorize either the superior court or this court to reverse the award to appellee. "Even though the preponderance of the medical evidence may contraindicate any causative relationship between [the decedent's employment and the aggravation of his pre-existing condition], the above [stated opinions of the treating physi-

cian] constituted the requisite 'any evidence' to support the award, with regard to the issue of compensability. Accordingly, the superior court correctly affirmed the award of the board." *Walton County Bd. of Commrs. v. Williams*, supra at 780.

Judgment affirmed. *Deen, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 1, 1988 —
REHEARING DENIED DECEMBER 14, 1988 — 

*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., Cameron D. Simpson*, for appellants.

*Germano & Kimmey, J. Lansing Kimmey III*, for appellee.