A89A1848. RICE v. CIBA VISION CARE et al.
(391 SE2d 30)

COOPER, Judge.

On January 30, 1986, appellant/claimant injured his back while working for appellee/employer. Appellant received medical treatment from several physicians listed on the panel of physicians provided by appellee, and was released from treatment to return to work on February 24, 1986, at which time his benefits were suspended. Upon returning to work, appellant, unable to perform his job because of pain in his back, sought medical treatment from Dr. William Cabot, a physician not on the panel of physicians provided by appellee. Although appellant's request for a change of physicians to Dr. Cabot was denied, appellant continued to incur expenses for treatment rendered by Dr. Cabot, and was released by Dr. Cabot to return to work on November 17, 1986.

Appellee controverted appellant's claim, which was based on a change in condition, for expenses associated with medical treatment rendered by Dr. Cabot. The ALJ entered an award directing appellee to pay weekly benefits to appellant through November 17, 1986, all medical expenses relating to treatment by Dr. Cabot and, finding that the employer's defense was unreasonable, directed appellee to pay attorney fees as a penalty. The full board, finding that the medical treatment rendered by Dr. Cabot was unauthorized and that the employer's defense was reasonable, reversed the award of the ALJ by striking the award of medical expenses for treatment by Dr. Cabot and the award of attorney fees. The Superior Court affirmed the award of the full board, and we granted appellant's application for a discretionary appeal.

1. Appellant's first enumeration of error is that the trial court erred in affirming the full board's award because the full board reversed the award of the ALJ without entering its own findings of fact. "An appeal to the full board from the action of [an ALJ] invokes a de

novo proceeding in the matter which must result in the full board's own findings of fact and award." *Gatrell v. Employers Mut. Liab. Ins. Co.,* 121 Ga. App. 467 (1) (174 SE2d 237) (1970). If on appeal to the full board the parties do not introduce any additional evidence, the full board may adopt the ALJ's findings of fact as its own, or it may make independent, additional, or different findings. *Gatrell v. Employers Mut. Liab. Ins. Co.,* supra. Based on the evidence, the ALJ entered findings of fact and conclusions of law. The award of the full board states: "Upon de novo review of all evidence, the Board makes the findings and conclusions of the administrative law judge its findings and conclusions, except as inconsistent with the following." The board went on to make three additional and different findings and conclusions than those made by the ALJ. We find no authority for appellant's argument that the full board must enter its own findings of fact when reversing an award of the ALJ, and have found cases where the full board articulated the same facts as the ALJ while reaching a different result. See *Henderson v. Mrs. Smith's Frozen Foods,* 182 Ga. App. 829 (2) (357 SE2d 271) (1987); *Carter v. Kansas City Fire &c. Ins. Co.,* 138 Ga. App. 601 (226 SE2d 755) (1976). Although there was evidence to support the finding of the ALJ, there was also evidence to support the findings of the full board. The findings of the full board supersede the findings of the ALJ. *Liberty Mut. Ins. Co. v. Williams,* 129 Ga. App. 354 (3) (199 SE2d 673) (1973). We conclude that the findings of the full board were sufficient to inform appellant of the board's disposition of the issues, enabling appellant to intelligently prepare his appeal. *West Point Pepperell v. Adams,* 152 Ga. App. 3 (1) (262 SE2d 212) (1979).

2. In his second and third enumerations of error, appellant contends that the trial court erred in affirming the full board's award because it was procured by fraud. Inasmuch as a review of the entire record reveals no evidence which supports appellant's contention, we find that the trial court correctly applied the "any evidence" rule to this case. *Johnson v. Northside Hosp.,* 192 Ga. App. 316 (385 SE2d 14) (1989).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 14, 1990.

*Repasky, Minin & Bates, Alexander J. Repasky, Michael R. Goldberg,* for appellant.

*Drew, Eckl & Farnham, John C. Bruffey, Jr., Gary R. Hurst,* for appellees.