A91A1685. SUBSEQUENT INJURY TRUST FUND v. KNIGHT RIDDER NEWSPAPERS-MACON TELEGRAPH & NEWS et al.
(416 SE2d 887)

ANDREWS, Judge.

The application to appeal by the Subsequent Injury Trust Fund was granted to consider whether the superior court's order exceeded the scope of review.

Keene, an employee of Knight Ridder Newspapers, suffered a cerebral concussion when he was mugged on the job on November 17, 1986. Thereafter, he suffered from headaches and mood swings. He was given a five percent permanent partial disability rating as a result. He returned to work for the employer in February 1987 in a less

emotionally stressful position. He was severely injured in an automobile accident while working on December 27, 1987. As a result of that accident, Keene suffered severe facial lacerations, a fractured temporal bone, head trauma, loss of vision, fractures of both orbital rims, internal injuries, and leg and pelvis injuries.

After this injury, Keene continued to experience mood swings and headaches. As a result, employer/insurer applied to SITF for reimbursement of certain workers' compensation benefits paid to Keene.

SITF defended on the basis that there had been no merger (OCGA § 34-9-351 (1) (b)) and denied liability for medical expenses not caused by or related to the pre-existing disability. The ALJ found that there was merger between the 1986 and 1987 head injuries as far as the mood swings and headaches were concerned, concluding that the emotional problems were materially, substantially, and cumulatively greater than would have resulted had the permanent impairment from the 1986 mugging not existed. Reimbursement by SITF was ordered and the ALJ declined to apply OCGA § 34-9-364, which would have required apportionment of medical expenses resulting from the merger of the preexisting and subsequent injuries "where there are clear and unequivocal facts to establish that the subsequent injury to the permanently impaired employee was not caused by or in any way related to the employee's preexisting disability."

Upon appeal to the board, SITF argued these same grounds. With regard to the OCGA § 34-9-364 ground, the contention was that as a matter of law, the ALJ should have applied the provisions to exclude reimbursement for those medical conditions incurred that have no relationship to the prior impairment and which were caused solely by the subsequent injury.

The board, upon de novo review, adopted the findings of fact and conclusions of law of the ALJ, and additionally found that SITF "is not liable for reimbursement of those medical expenses which are caused solely by, or related to, the employee's injuries of November 17, 1986." SITF moved for reconsideration, on the basis that the decision was subject to differing interpretations because it did not set out the grounds for apportionment of those medical expenses which would have been incurred regardless of the prior impairment, i.e., those occasioned solely by the subsequent injury.

On appeal, the superior court found that since the employer/insurer had not sought reimbursement for expenses solely attributable to the 1986 accident, the board's conclusion was outside its authority to act. Further, the court held that "although the SITF does not seek this conclusion here, this court, on review, sets aside the decision of the Full Board . . . insofar as it seeks to modify the award of the ALJ and hereby reinstates the ALJ's award. The ALJ decided not to apply-

OCGA § 34-9-364, and this was a proper conclusion based on her findings of fact."

1. Upon appeal from the decision of the ALJ, the board conducted its de novo proceeding, adopted the findings of fact and conclusions of law of the ALJ with the addition of the disputed proviso, as was its prerogative. *Gatrell v. Employers Mut. &c. Ins. Co.*, 226 Ga. 688, 689 (177 SE2d 77) (1970); *Rice v. Ciba Vision Care*, 194 Ga. App. 528, 529 (1) (391 SE2d 30) (1990). The superior court, upon appeal, is authorized only to affirm, reverse or, under certain circumstances, remand to the board for further hearing. *Willis v. Holloway*, 154 Ga. App. 3 (267 SE2d 795) (1980).

Because the court went beyond this mandate, the judgment must be reversed with direction that the superior court confine its ruling to the dictates of OCGA § 34-9-105 (b).

2. The remaining enumeration, dealing with the application of OCGA § 34-9-364, is not ripe for our consideration, pending the superior court's action.

*Judgment reversed with direction. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 19, 1992.

*Michael J. Bowers, Attorney General, Jeffrey L. Milsteen, Senior Assistant Attorney General, K. Prabhaker Reddy, Staff Attorney, Harrison, Harrison & Llop, Rita J. Llop*, for appellant.

*Irwin, Bladen, Baker & Russell, Braxton A. Bladen, Edwin G. Russell, Jr.*, for appellees.