A92A0166, A92A0167. SMB STAGE LINE, INC. et al. v. LEACH;
and vice versa.
(418 SE2d 791)

SOGNIER, Chief Judge.

Betty Leach filed a workers' compensation claim against SMB Stage Line, Inc. (SMB) seeking medical and disability benefits for a back injury that she alleged arose from her work as a truck driver for SMB. After a hearing, the administrative law judge denied the claim on the basis that the injury resulted from congenital conditions rather than a work-related accident. Leach appealed to the State Board of Workers' Compensation, which accepted some of the ALJ's findings of fact but ruled Leach's injury was compensable because her job performance had aggravated a pre-existing condition. SMB's motion for reconsideration was denied, and SMB appealed to the superior court from the Board's award and its denial of the motion for reconsideration. The court upheld the Board's finding of compensable injury but held the Board should have apportioned the benefits to eliminate the expenses attributable to congenital conditions. We granted both the application of SMB and its insurer for discretionary appeal from the superior court's affirmance of the Board's award (Case No. A92A0166) and also Leach's application for appeal from the superior court's ruling on apportionment of benefits (Case No. A92A0167), and have consolidated both appeals for decision.

Evidence adduced at the hearing before the ALJ established that Leach had worked sporadically as a truck and bus driver for a num-

ber of years. In the late 1970s, she suffered a back injury while driving a truck, but was able to return to work after treatment. She became employed with SMB in July 1989 as a truck driver on a route from Atlanta to Philadelphia and Newark. She began experiencing back and leg pain in October 1989 and ultimately became unable to work in late November. She consulted her physician, Dr. Reese, who referred her to a neurosurgeon, Dr. Scarff, and an orthopedic surgeon, Dr. Chevres. After examining Leach in early 1990, these physicians diagnosed Leach as suffering from a number of back afflictions and performed several surgical procedures, including lumbar laminectomy and bilateral fusion.

Although the treatment records of Drs. Reese, Scarff, and Chevres contain no reference to any complaints of Leach that she had injured herself while driving a truck for SMB and indicate that she described no precipitating factor for her back injuries, Leach testified at the hearing before the ALJ that her back pain began as a result of the twisting and bouncing of her body that occurred when she slept or rested in the sleeper section of the truck cab. The record also contains letters written by Drs. Scarff and Chevres in response to queries from Leach's attorney concerning the cause of Leach's back problems. Dr. Scarff stated that the conditions he observed were congenitally derived and not attributable to any job-related activities, whereas Dr. Chevres opined that Leach's congenital condition was aggravated in part by the jolting and twisting of her body while she rode in the truck and that these work-related activities caused her back pain.

1. In Case No. A92A0166, SMB contends the superior court erred by affirming the Board's award made in reliance upon the testimony of Dr. Chevres. Citing *Carey Hilliard's Restaurants v. Cesaroni*, 179 Ga. App. 656 (347 SE2d 306) (1986), SMB maintains that Dr. Chevres's opinion consisted of responses to hypothetical questions based on factual predicates not supported by the record, and thus there was insufficient competent evidence to sustain the Board's conclusion that Leach's injury was work-related. Our review of the record reveals that the hypothetical questions in issue were consistent with Leach's testimony at the hearing concerning the source of her injury. Although she had not previously provided this information to her physicians, there is evidence in the record consistent with the factual predicates on which Dr. Chevres based his opinion, and thus we are bound by the rule that the findings of the Board must be affirmed if there is any evidence in the record to sustain them. E.g., *St. Regis Flexible Packaging Corp. v. Helm*, 172 Ga. App. 251, 254 (4) (322 SE2d 549) (1984). The "any evidence" rule compels upholding of the Board's award even when the medical evidence in the record is conflicting as to the causative connection between the work-related activity and the injury, see *Walton County Bd. of Commrs. v. Williams*,

171 Ga. App. 779, 780 (320 SE2d 846) (1984), and even though there is medical evidence indicating that the injury could have resulted from causes unrelated to work activities. *Travelers Ins. Co. v. Hogue,* 130 Ga. App. 844, 845 (204 SE2d 760) (1974).

SMB also asserts that the Board's award is internally inconsistent because it adopted the findings of the ALJ, which included an implicit finding that Leach's testimony was not credible, but then awarded benefits based on Dr. Chevres's testimony, which was wholly derived from Leach's statements concerning the source of her injuries. As this court has noted, the Board may articulate the same facts as the ALJ but reach the opposite conclusion. *Rice v. Ciba Vision Care,* 194 Ga. App. 528, 529 (1) (391 SE2d 30) (1990). Where, as here, there is evidence in the record to support the findings of both the ALJ and the Board, the findings of the Board supersede those of the ALJ. Id. Accordingly, we find no error in the superior court's affirmance of the Board's award of benefits for job-related aggravation of a pre-existing congenital condition. See *McLeroy Plumbing Svc. v. Starks,* 201 Ga. App. 270, 271 (1) (410 SE2d 756) (1991); *Cotton States Ins. Co. v. Rutledge,* 139 Ga. App. 729, 730 (1) (229 SE2d 531) (1976).

2. In Case No. A92A0167, Leach enumerates as error the portion of the superior court's order that remanded her claim to the Board for apportionment of benefits between work-related and congenital causes. She contends the workers' compensation law does not provide for apportionment of benefits on that basis. We agree and reverse. While Georgia law does provide for apportionment of benefits in the case of an occupational disease aggravated by a noncompensable infirmity and vice versa, OCGA § 34-9-285, there exists no comparable statutory apportionment requirement for other work-related injuries or infirmities. See *Price v. Lithonia Lighting Co.,* 256 Ga. 49, 52 (343 SE2d 688) (1986). Aggravation of a pre-existing congenital injury is fully compensable as a new accident. *Cotton States,* supra. " 'Even where the employee had a pre-existing ailment which the [job-related activity] caused to flare up and become aggravated, it was properly ruled to have been an accidental injury arising out of and during the course of the employment, and compensable. (Cits.)' [Cits.]" *St. Regis,* supra at 253. Given these legal principles, we find no authority for apportionment of benefits in the manner prescribed by the superior court.

Contrary to SMB's contentions, our opinion in *Berry College v. Storey,* 199 Ga. App. 298, 299-300 (2) (404 SE2d 640) (1991) does not support the superior court's ruling. In that case we remanded to the Board for determination whether some of the nonmedical expenses awarded pursuant to OCGA § 34-9-200 were actually incurred on behalf of other family members rather than on behalf of the claimant. We did not apportion expenses between types of injuries, but instead

required deletion of expenses paid to benefit others. The claimant received full payment for all expenses she incurred as a result of her injury.

*Judgment affirmed in Case No. A92A0166; judgment reversed in Case No. A92A0167. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 12, 1992.

*Sartain Law Offices, Phillip B. Sartain,* for appellants.
*Bennie H. Black,* for appellee.