A92A2161. SUBSEQUENT INJURY TRUST FUND v. KNIGHT-RIDDER NEWSPAPERS-MACON TELEGRAPH & NEWS et al.

(427 SE2d 844)

McMURRAY, Presiding Judge.

This is the second appearance of this "subsequent injury" workers' compensation case. Previously, this Court reversed the judgment of the superior court, ruling that it exceeded the scope of review when it ordered the reinstatement of the administrative law judge's (ALJ) award. *Subsequent Injury Trust Fund v. Knight Ridder &c. News*, 203 Ga. App. 458 (416 SE2d 887). Thereafter, the superior court entered another order affirming the award of the full board. Again, the Subsequent Injury Trust Fund ("SITF") applied for discretionary review. This Court granted the SITF's application and this appeal followed.

The facts of this case are set out in *Subsequent Injury Trust Fund v. Knight Ridder &c. News*, supra. We summarize the proce-

dural posture of this appeal as follows:

The ALJ determined that there was a merger between the earlier and subsequent injuries and ordered the SITF to reimburse the respondents. However, the ALJ specifically declined to order apportionment of medical expenses pursuant to OCGA § 34-9-364. The full board adopted the decision of the ALJ but added that the SITF "is not liable for reimbursement of those medical expenses which are caused solely by, or related to, the employee's [prior] injuries of November 17, 1986."

The SITF asserts the decision of the full board is confusing because it did not set out the grounds for apportionment of the medical expenses that were incurred solely as a result of the December 27, 1987, injury, i.e., the subsequent injury. The employer/insurer acknowledges that the award of the full board is confusing. *Held*:

The award of the full board appears to be inconsistent. First, the award declines to apply OCGA § 34-9-364, which provides for apportionment of medical expenses "where there are clear and unequivocal facts to establish that the subsequent injury . . . was not caused by or in any way related to the employee's preexisting disability." Then the award goes on to exclude apportionment of medical expenses incurred from the prior, not the subsequent, injury. Of course, it was unnecessary for the board to decline apportionment of medical expenses with regard to the prior injury — those expenses are not subject to apportionment. OCGA § 34-9-364. Did the board erroneously insert November 17, 1986, instead of December 27, 1987? Did the board intend to approve apportionment of the medical expenses in connection with the December 27, 1987, injury? The board's award does not make its intent clear. Accordingly, we vacate the judgment of the superior court with direction that the case be remanded to the full board for further clarification. See *Brown Transport Co. v. Parker*, 129 Ga. App. 737, 740 (201 SE2d 17).

*Judgment vacated and case remanded with direction. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 16, 1993.

*Michael J. Bowers, Attorney General, Jeffrey L. Milsteen, Senior Assistant Attorney General, K. Prabhaker Reddy, Assistant Attorney General, Harrison, Harrison & Llop, Rita J. Llop*, for appellant.

*Irwin, Bladen, Baker & Russell, Braxton A. Bladen*, for appellees.