A95A0298. RICHARDSON v. AIR PRODUCTS & CHEMICALS, INC. et al.
(458 SE2d 694)

BEASLEY, Chief Judge.

We granted Larry Richardson's application to appeal the superior court's order. It reversed an attorney fee award made by the Appellate Division of the Board of Workers' Compensation. At issue is whether the evidence authorized the Appellate Division to award the attorney fees under OCGA § 34-9-108 (b) (1) for a frivolous appeal.

Richardson is a truck driver last employed for 14 years by Air Products & Chemicals, Inc. to haul hazardous materials. Richardson developed prostate problems in 1983. His physician diagnosed the chronic condition of prostatitis in 1987 and advised Air Products that prolonged sitting while driving a truck aggravated Richardson's condition. Despite modifications of Richardson's work schedule and frequent stops during trips, Richardson continued to suffer episodes of severe discomfort until he finally ceased driving for Air Products in November 1992, when his treating urologist stated it was imperative that he stop working as a truck driver.

At the hearing on Richardson's claim for workers' compensation benefits, the treating urologist testified that driving a truck for long distances, even with frequent stops and exercise, aggravated Richardson's chronic prostatitis. With this painful condition, he was unable to concentrate on the road and his driving. Ultimately, his physician restricted Richardson from driving a truck at all and advised him to find another line of work. A board-certified urologist who reviewed Richardson's medical record testified that, although Richardson had prostatitis and that chronic prostatitis could be considered an occupational hazard for truck drivers, Richardson "should be able to continue in his work" by walking around during frequent stops to check his load as mandated by federal regulations for hauling hazardous material. He also testified that bouncing up and down while sitting may aggravate prostatitis. The employer controverted the claim on

the grounds that a) the employee did not have an accident arising out of and in the scope of employment and b) chronic prostatitis is a disease that was not aggravated by the employee's driving of a truck.

The ALJ awarded temporary total disability benefits, based on her findings that the employee established by a preponderance of the evidence that his chronic prostatitis was aggravated by his job as a truck driver to the point he became unable, medically, to perform the job. She also found that the employer knew this and also knew this was the opinion of his physicians. The ALJ concluded that the chronic prostatitis was a compensable "accident" because the employment contributed to the aggravation of a preexisting condition, citing *Colonial Stores v. Hambrick*, 176 Ga. App. 544 (336 SE2d 617) (1985), and *SMB Stage Line v. Leach*, 204 Ga. App. 229 (418 SE2d 791) (1992). She applied the principle that an employer takes an employee as he finds him and assumes the risk of a diseased condition aggravated by injury, citing *Chevrolet-Pontiac-Canada Group, GMC v. Millar*, 182 Ga. App. 889, 890 (2) (357 SE2d 598) (1987), which cited *Colonial Stores*, supra at 545-546 (3).

The Appellate Division affirmed, and in addition granted Richardson's request for the attorney fees in accordance with OCGA § 34-9-108 (b) (1). It found that Air Products' appeal of the award was prosecuted in part without reasonable grounds, that is, the ground that the chronic prostatitis did not meet the definition of a compensable injury. (This was one of the grounds; the other was, as before the ALJ, that it did not arise out of and in the scope of employment.) The basis for the award of attorney fees was, the board quoting from Georgia Workers' Compensation Practice Manual § 3.11 (1992 ed.), that " '[f]ew principles are better settled in the Georgia workers' compensation law than the one which states that when the performance of the duties of employment aggravates a pre-existing condition, there is a new injury.' " On this issue of compensability, the board also cited *Henry General Hosp. v. Stephens*, 189 Ga. App. 619, 620 (376 SE2d 705) (1988).

The board relied on OCGA § 34-9-108 (b) (1) as authority to make the award, noting that it could do so under *that* statute just as the superior court could make an award for a frivolous appeal to *it* in a workers' compensation case, based on OCGA § 9-15-14. *Contract Harvesters v. Clark*, 211 Ga. App. 297, 298 (2), (3) (439 SE2d 30) (1993), cited by the board, supports its view. Both that case and this one deal with statutory power to sanction frivolous appeals. In both instances, the sanction of attorney fees assessment against the offending party is discretionary, but it must be factually justified. There is a difference, of course, because the appeal to the superior court is confined to issues listed in OCGA § 34-9-105 (c) and is not de novo as to the facts. On the other hand, Air Products' appeal to the board was

de novo, since it occurred prior to the amendment to OCGA § 34-9-103 (a), which now requires the board to accept the supported findings of fact by the ALJ (Ga. L. 1994, p. 887, § 8, effective July 1, 1994).

According to the law, the ALJ or the board may assess the attorney fees against a party who brings, prosecutes, or defends proceedings "in whole or in part without reasonable grounds." OCGA § 34-9-108 (b) (1). "This presents an issue of fact for determination by the board, [cits.] and where there is any evidence to support the Board's award the court must affirm. . . . [Cits.]" *Motor Convoy v. Maddox*, 172 Ga. App. 430, 431 (323 SE2d 235) (1984). "[T]he finding that the matter was defended without reasonable grounds must be supported by the evidence, and there must be supporting evidence upon which to make the finding, just as is the case of other findings upon which the award is made." *Pacific Employers Ins. Co. v. Peck*, 129 Ga. App. 439, 441 (200 SE2d 151) (1973). As the ALJ concluded, it is a settled principle that when necessary work activities aggravate a preexisting condition, the aggravation is deemed a compensable "accident" under the Workers' Compensation Act. *Henry General Hosp.*, supra; *Colonial Stores*, supra; *SBM Stage Line*, supra at 231 (2); *Chevrolet-Pontiac-Canada Group, GMC*, supra; *Thornton Chevrolet v. Morgan*, 148 Ga. App. 711 (252 SE2d 178) (1979).

On appeal to the board, Air Products persisted that Richardson's prostatitis does not meet the definition of a compensable injury under the Workers' Compensation Act despite clear authority to the contrary.

The superior court found that Air Products' appeal to the board was not frivolous, as a matter of law, because it "presented sufficient evidence that would have authorized an award in [its] favor." The court applied the same principle to the appeal which applies to the defense before the ALJ, that it is not unreasonable simply because it is unsuccessful, citing *Goode Brothers Poultry Co. v. Kin*, 201 Ga. App. 557, 559 (3) (411 SE2d 724) (1991). This court pointed out that the relevant inquiry in that case was not "the difficulty" of establishing the defense by Goode Brothers but rather "the reasonableness of the attempt to do so." It was reasonable, the court concluded, because the employer's evidence would have authorized a finding in its favor. This case, however, relates to the compensability of the prostatitis in the circumstances.

Since evidence supports the board's assessment of attorney fees because Air Products appealed in part without reasonable grounds, it was error for the trial court to reverse the board as to its fee award. *Maddox*, supra. This is not an instance where the board found differently than the ALJ. The attorney fee is not stated as an issue in the ALJ's award, and there was no finding either way. Even if there were

a contrary finding, "[w]here . . . there is evidence in the record to support the findings of both the ALJ and the Board, the findings of the Board supersede those of the ALJ." *SBM Stage Line*, supra at 231.

The judgment is reversed as to attorney fees on the appeal to the Appellate Division and remanded to the trial court on the issue of attorney fees on the appeal to it, as sought by Richardson.

*Judgment reversed and case remanded. Pope, P. J., and Ruffin, J., concur.*

DECIDED JUNE 23, 1995.

*Robert C. Sacks*, for appellant.
*Whitehurst & Riexinger, Stephen P. Riexinger*, for appellees.