A95A1329. METRO INTERIORS, INC. et al. v. COX.
(461 SE2d 570)

SMITH, Judge.

This workers' compensation action involves the apportionment of a permanent partial disability under OCGA § 34-9-263. In 1990, Raleigh Cox was injured when the scaffolding he was using collapsed and he fell headfirst onto a concrete floor. While in the hospital undergoing treatment for a broken leg sustained in the fall, he noticed a hearing loss. He was referred to an otolaryngologist, Dr. Jamshidi, who found a bilateral mild to moderate sensori-neural hearing loss of approximately 28 percent in each ear. Because Dr. Jamshidi had not examined Cox before the accident and because Cox told the doctor he had a "slight" pre-existing hearing loss, the doctor was unable to determine whether the hearing loss was pre-existing or due to the accident.

Cox sought medical benefits for his hearing loss, including a hearing aid. In an order of March 23, 1993, the ALJ found "the traumatic injury sustained by the employee . . . aggravated the employee's pre-existing hearing deficiency," but was "unable to find the exact amount of hearing loss suffered by the employee." This order was never appealed by the parties. Cox later moved for enforcement of the 1993 order and an award of permanent partial disability. A hearing

was held, at which Cox submitted the testimony of an audiologist who examined him in 1993 and found a sensori-neural hearing loss of approximately 37 percent. The audiologist agreed that Cox's hearing had continued to deteriorate since Dr. Jamshidi's testing in 1990 but could state neither the cause of the continuing deterioration nor whether the hearing loss was a result of the accident or a degenerative hearing loss.

The ALJ concluded that the source of Cox's pre-existing hearing loss had not been established and that the percentage of the present hearing loss attributable to the 1990 injury could not be determined. He also denied Cox's request for a second hearing aid. Cox appealed, and the appellate division (formerly the full board) affirmed the denial of permanent partial disability payments but directed that a second hearing aid be provided because Cox's hearing loss was aggravated by the compensable accident. Cox again appealed. The superior court, without stating the basis for its order, reversed the award of the appellate division and remanded the case for determination of benefits under OCGA § 34-9-263 (c) (12). We granted the application of the employer and insurer for discretionary appeal.

It is well established that "aggravation of a pre-existing infirmity, whether congenital or otherwise, is compensable. The aggravation of a previous injury by continued work is a new accident." (Citations and punctuation omitted.) *Barry v. Aetna Life &c. Co.*, 133 Ga. App. 527, 530 (211 SE2d 595) (1974); see also *SMB Stage Line v. Leach*, 204 Ga. App. 229, 231 (2) (418 SE2d 791) (1992). This compensation, however, is not without limits: "While the claim for an aggravated pre-existing injury is not prohibited, it is limited by Code § 114-408." *Barry*, supra at 530.

This Code section, as then in force, provided: " 'If an employee who suffers an injury in his employment has a permanent disability or has sustained a permanent injury, such as specified in section 114-406, suffered elsewhere, he shall be entitled to compensation only for the degree of incapacity which would have resulted from the later accident if the earlier disability or injury had not existed.' " Id. Because the intent of this Code section was to impose liability for injuries resulting to employees during the time of employment, not for a prior injury, "in determining the extent of the employee's disability attributable to the injury received during his last (current) employment, the Board of Workmen's Compensation should first determine the total disability found to exist after the last injury, determine the disability found to exist after the earlier injury sustained elsewhere and subtract the latter from the former, thereby arriving at the extent of disability to be attributed to the last injury and compensated by the last employer." (Citations and punctuation omitted.) Id. at 531.

The successor to Ga. Code Ann. § 114-408 is OCGA § 34-9-241

(b), and it provides: "If an employee received an injury for which income benefits are payable under Code Section 34-9-263 and has a pre-existing bodily loss or loss of use as described under Code Section 34-9-263 which was increased by reason of the injury, the employee shall be entitled to income benefits under Code Section 34-9-263 only for the loss or loss of use as increased by the injury." Thus, as in *Barry*, when a pre-existing condition has been aggravated by a compensable injury, a determination must be made of the degree of disability attributable to the injury.

This Code section by its terms applies not only to previous compensable injuries but also to any "preexisting bodily loss or loss of use as described under Code Section 34-9-263." In *General Motors Corp. v. Hargis*, 114 Ga. App. 143, 144 (2) (150 SE2d 303) (1966), we remanded a case under Ga. Code Ann. § 114-408 for apportionment between an injury sustained at work and a pre-existing football injury which apparently was non-compensable. Apportionment is likewise required by OCGA § 34-9-241 (b) when a claimant has a pre-existing degenerative infirmity described in OCGA § 34-9-263.

Cox's reliance on *SMB*, supra, is misplaced. While apportionment was unavailable in *SMB*, the decision recognizes that apportionment is available, if provided for by statute, for a pre-existing congenital, non-work-related condition. No statutory provision exists for apportionment between work-related and congenital causes of "*expenses* [claimant] incurred as a result of [his] injury." (Emphasis supplied.) 204 Ga. App. at 232. OCGA § 34-9-241 (b), however, expressly provides for the apportionment of permanent partial disability benefits under OCGA § 34-9-263.

As in all workers' compensation cases, the burden is on the claimant employee to show that he has sustained an injury compensable under the Workers' Compensation Act. *Berry College v. Storey*, 199 Ga. App. 298, 299 (2) (404 SE2d 640) (1991). Under the "any evidence" rule by which this court and the superior court review workers' compensation awards, if the ALJ and appellate division accept the testimony of the claimant over that of a medical expert, we must affirm. *Fulton-DeKalb Hosp. Auth. v. Hadley*, 174 Ga. App. 503, 504-505 (1) (330 SE2d 432) (1985). We must likewise affirm when the ALJ and appellate division instead credit the physician's testimony over that of the claimant or weigh the testimony of conflicting medical experts and credit the testimony of one over the other. *Elbert County Bd. of Commrs. v. Burnett*, 200 Ga. App. 379, 381 (408 SE2d 168) (1991). Such determinations of credibility and the weight of testimony are for the ALJ and appellate division, not for either reviewing court. *Hadley*, supra at 505. Moreover, there was evidence authorizing the ALJ to disregard the claimant's testimony for contradiction under *Pike v. Greyhound Bus Lines*, 140 Ga. App. 863, 864 (1) (232 SE2d

143) (1977). Although Cox's medical records showed a pre-existing hearing loss, Cox testified that he had no hearing loss before the accident, that he had never told the doctor so, and that the doctor "came up with" the notation on his medical records regarding a pre-existing hearing loss.

The ALJ and appellate division were authorized to conclude both that Cox had a pre-existing hearing loss and that Cox had failed to show the percentage of disability, if any, attributable to a compensable injury under OCGA § 34-9-241 (b). The superior court therefore erred in reversing the decision of the appellate division.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED AUGUST 24, 1995.

*Drew, Eckl & Farnham, Nicole D. Tifverman, E. Janyce Dawkins*, for appellants.

*Rumsey & Ramsey, Penelope W. Rumsey*, for appellee.