A96A0090. DIAMOND RUG & CARPET MILLS et al. v. MOSES.
(472 SE2d 565)

BLACKBURN, Judge.

Diamond Rug & Carpet Mills (Diamond) and its workers' compensation servicing agent, Pruden Risk Management, appeal the lower court's affirmance of a workers' compensation award granting Diamond's former employee, Alvin Moses, temporary total disability benefits.

It is uncontroverted that in November 1992, while working for Diamond, Moses injured his back lifting a heavy object. He sought medical treatment for the injury. Moses' physician released him to return to work, placing him on light duty restrictions. Moses was subsequently referred to an orthopaedic specialist who also placed him on light duty restrictions. As a result of his injury, Moses missed only one full day of work. He continued his employment, under restrictions, until he was terminated for cause in November 1993 for reasons unrelated to his disability.

Moses subsequently sought temporary total disability benefits from Diamond pursuant to OCGA § 34-9-261 asserting that he was unable to obtain new employment as a result of his job-related injury. Moses testified that he had filed applications or spoken with at least 14 different employers in an effort to secure employment, meeting with no success. Initially, the administrative law judge (ALJ) denied Moses' claim expressly ruling that Moses had not met the burden of proving his failure to find employment was a direct result of his injury. See *Aden's Minit Market v. Landon*, 202 Ga. App. 219 (413 SE2d 738) (1991) (required claimant to establish that a particular employer refused to give her a job specifically because of her continuing disability). The ALJ's denial of Moses' claim was affirmed by the State Board of Workers' Compensation (board). However, the Supe-

rior Court of Gordon County remanded the case to the board with instructions that it consider the deposition of Thomas Eugene Frazier who testified that he would have offered Moses a job in his logging business but was unable to do so because of Moses' work restrictions.

Upon remand, the board vacated its previous order, and, in its place, issued Moses an award of temporary total disability benefits. Contrary to its prior order, the board held that Moses met his burden of showing his entitlement to benefits and that *Aden's Minit Market* was inapplicable as it concerned a "change in condition" where income benefits had previously been paid and was thus distinguishable from the present matter. The board's award was affirmed by the Gordon County Superior Court. On September 5, 1995, we granted the appellant's application for discretionary appeal to outline the proper standard for awarding benefits when an employee suffers a minor compensable injury, returns to work and is later terminated for cause. Since this matter was accepted on appeal, the portion of *Aden's Minit Market* that the appellants claimed was pertinent to this matter was reversed by the Georgia Supreme Court. See *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995).

As a general principle, under our scheme of workers' compensation, those individuals who return to work after being injured on the job and are subsequently terminated for reasons unrelated to their injury, are entitled to benefits if that injury prevents them from finding further employment. See *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326, 327 (316 SE2d 535) (1984). However, the employee carries the burden of demonstrating that their inability to find employment was proximately caused by their job-related injury. See *Brown v. Ga. Power Co.*, 181 Ga. App. 500 (352 SE2d 818) (1987). The question raised by this appeal is what standard of proof must an employee meet in order to carry this burden, an issue the Georgia Supreme Court recently addressed in a similar factual situation. *Maloney*, supra.

"In order to receive workers' compensation benefits based on a change in condition, a claimant must establish by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination. Once evidence is offered in support of the foregoing, the board may in its discretion draw reasonable inferences from that evidence that despite the claimant's good faith efforts, his or her inability to obtain suitable employment was proximately caused by the continuing disability." Id. at 828.

The board's award upon remand reflects that Moses met the bur-

den that the Supreme Court subsequently outlined in *Maloney*. He convinced the board that his injury was compensable, that he suffered continued impairment as a result of the injury, and that his impaired condition rendered him unable to find suitable work following his termination by Diamond. The evidence and the reasonable inferences drawn therefrom support these findings.

While *Maloney* concerned a change-in-condition hearing, we find it to be applicable to this "all issues" setting.[1] The procedural posture of the two cases is irrelevant as they both address the same dispositive question — "whether [the] employee sustained a loss of earning capacity as a result of a compensable work-related injury." Id. at 827. In light of this common question, there is no basis for applying a different standard of proof to these two types of cases based only on the severity of the claimants' injuries.

The trial court did not err in affirming the board's award.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 21, 1996.

*Swift, Currie, McGhee & Hiers, Mark J. Goodman, Thomas E. Best*, for appellants.

*Bennett & Hamilton, Rodney H. Bennett*, for appellee.

---

[1] At the time he was injured, Moses did not miss seven or more days of work and, accordingly, he was not entitled to receive any income benefits. OCGA § 34-9-220. Thus, unlike the employee in *Maloney*, Moses' claim for benefits required a hearing on all issues as opposed to a change-in-condition hearing. *Northbrook Property &c. Ins. Co. v. Babyak*, 186 Ga. App. 339, 341 (367 SE2d 567) (1988) (a change-in-condition hearing cannot take place where income benefits have not been paid).