A02A0312. SEABOLT v. BEAULIEU OF AMERICA et al.
(566 SE2d 444)

SMITH, Presiding Judge.

We granted this application for discretionary review to consider the narrow issue of attorney fees assessed in this workers' compensation case. Although the employee had sought attorney fees, the administrative law judge ("ALJ") entered an award that did not include attorney fees. After review, the appellate division of the State Board of Workers' Compensation affirmed the ALJ's award with the exception of assessing attorney fees against the employer/insurer. The superior court reversed on the ground that the appellate division should have remanded the fee issue to the ALJ. Because we find that the superior court relied upon inapplicable precedent and overlooked the power of the appellate division to assess independently attorney fees under OCGA § 34-9-108 (b) (1), we reverse.

Claimant Robin Seabolt Dockrey sought weekly benefits, medical expenses, and attorney fees from her employer, Beaulieu of America, and its insurer, Pruden Risk Management (collectively "Beaulieu"). Her employer controverted the claim in its entirety.

At the administrative hearing, Dockrey offered evidence that she had primarily worked as a tufting machine operator at Beaulieu's carpet manufacturing facility. Over time, Dockrey gradually began to experience problems with her neck, arm, and wrist. Dockrey testified that although she complained to her supervisors and asked for medical treatment, none was provided to her. According to her medical records, she was diagnosed with cervical radiculopathy, disc herniation, and overuse type syndrome. These records also show that Dockrey was diagnosed with carpal tunnel syndrome on May 28, 1997, more than a year before her discharge.

During the hearing, her counsel informed the ALJ that attorney fees were being sought for the employer's failure to provide medical care and for an unreasonable defense. Counsel stated that he had expended 35 hours on her behalf and that his employment contract provided for an hourly rate of $200. In the alternative, he requested assessed fees under Rule 108.

The ALJ denied Dockrey's claim for weekly benefits finding that she had failed to satisfy her burden of proof within the meaning of *Maloney v. Gordon County Farms*, 265 Ga. 825, 827-828 (462 SE2d 606) (1995), and *Diamond Rug &c. Mills v. Moses*, 221 Ga. App. 807, 808 (472 SE2d 565) (1996). The ALJ determined that Dockrey was discharged by Beaulieu for reasons totally unrelated to her "on-the-job injury or her injury-resultant condition." The ALJ, however, directed Beaulieu to pay the medical expenses listed in the award and to provide ongoing medical treatment to Dockrey. The ALJ's award made no mention of attorney fees.

After review, the state board adopted the ALJ's award as to weekly benefits and medical treatment. The board, however, added its own findings as to attorney fees, deciding:

> In addition, the Appellate Division finds that the administrative law judge did not address the employee's request for assessed attorney fees based upon the employer/self-insurer's failure to accept the claim and failure to provide medical treatment. The Appellate Division finds that OCGA § 34-9-108 (b) provides for the assessment of attorney fees when proceedings are defended in whole or in part without reasonable grounds. The Appellate Division accepts the finding of facts in paragraph 13 and finds that the employer/self-insurer denied treatment to the employee from the beginning without reasonable grounds.[1]

---

[1] In paragraph 13, the ALJ found that Dockrey had complained on two occasions to her supervisor and on the latter occasion had made a request for medical treatment from her employer.

Having reviewed the entire record, the appellate division assessed attorney fees against Beaulieu "for an unreasonable defense, in part, of the claim." The board entered an explicit finding that "$3500.00 for 17.5 hours is a reasonable value for the services of the employee's attorney and therefore assesses attorney fees in that amount against the employer/self-insurer."[2]

Dissatisfied, Beaulieu appealed to the Superior Court of Murray County. After review of the award entered by the appellate division, the superior court affirmed on all issues with the exception of attorney fees. The superior court deduced that the absence of any discussion by the ALJ about attorney fees "could be an oversight or could be an implicit denial of them." The court noted, "Since the imposition of attorney's fees is discretionary under OCGA § 34-9-108 (b) and the intent of the ALJ is unclear, the Appellate Division should remand the issue of the award for clarification by the ALJ." On that basis, the superior court directed the board to remand the attorney fees issue to the ALJ for resolution.

In her sole enumeration of error, Dockrey contends that the superior court erred by reversing the decision of the appellate division and directing the appellate division to remand the issue of attorney fees to the ALJ. We agree and reverse.

The Workers' Compensation Act empowers the ALJ and the board to assess attorney fees in these circumstances: "Upon a determination that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds, the administrative law judge *or the board* may assess the adverse attorney's fee against the offending party." (Emphasis supplied.) OCGA § 34-9-108 (b) (1). Here, that is precisely what occurred. The board expressly found that Beaulieu had defended against part of Dockrey's claim without having reasonable grounds for doing so. Accordingly, the board assessed attorney fees under OCGA § 34-9-108 (b) (1) against Beaulieu, the offending party. The board also entered a factual finding that $3,500 was the reasonable value of the legal services.

Whether an employer has unreasonably defended against a claim in whole or in part is a factual determination. *Richardson v. Air Products &c.*, 217 Ga. App. 663, 665 (458 SE2d 694) (1995). When supported by any evidence, findings of fact by the state board are conclusive and binding on reviewing courts, and judges lack authority to set aside an award based on disagreement with the board's conclusions. *Gleaton v. Hazelwood Farms*, 214 Ga. App. 825, 826 (449 SE2d 170) (1994). When, as here, the appellate division substitutes

---

[2] Under OCGA § 34-9-108 (a), attorney fees for services to claimants that exceed $100 require board approval.

its findings for those of the ALJ, the superior court reviewing the appellate division's findings must affirm when there is evidence to support the appellate division's substitute findings. *Syntec Indus. v. Godfrey*, 269 Ga. 170, 172 (1) (496 SE2d 905) (1998). Because the appellate division acted within its discretionary authority to assess attorney fees and the record contains evidence to support the assessment of fees as well as the amount assessed, the superior court erred in reversing the appellate division. See *Bankhead Enterprises v. Beavers*, 267 Ga. 506, 508 (480 SE2d 840) (1997). That judgment therefore must be reversed but only as to the issue of attorney fees. See *Richardson*, supra at 666.

*Judgment reversed. Eldridge and Ellington, JJ., concur.*

DECIDED JUNE 12, 2002.

*Hilley & Frieder, Ronald L. Hilley*, for appellant.
*Hall, Booth, Smith & Slover, Steven D. Prelutsky*, for appellees.