**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten days
of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 8, 2019**

# In the Court of Appeals of Georgia

A18A2072. A. GARCIA TRUCKING & PRODUCE, LLC et al. v.
SANDOVAL.

MERCIER, Judge.

Alleging that he sustained a back and leg injury while employed by A. Garcia
Trucking and Produce, LLC ("Garcia Trucking"), Jose Sandoval filed a claim for
workers' compensation benefits. An administrative law judge ("ALJ") awarded
benefits, finding that Sandoval proved a compensable injury and that he gave proper
notice of the injury to Garcia Trucking. The ALJ also assessed attorney fees and costs
upon finding that Garcia Trucking's defenses of the claim were unreasonable, and
assessed penalties against Garcia Trucking based on its failure to timely controvert
Sandoval's claim. Garcia Trucking appealed to the Appellate Division of the State
Board of Workers' Compensation (the "Board"), which adopted the ALJ's findings

and award as to compensability and notice, but found that an assessment of attorney fees and costs was not warranted given the "conflicting evidence" and Garcia Trucking's "other defenses, which [the Board found] to have been closely contested on reasonable grounds." Sandoval appealed to superior court on the attorney fees issue. The superior court stated that the Board "has some discretion" in assessing fees and costs, but that such discretion is premised upon evidence to explain an employer's noncompliance with the statute; "Since the Board made no finding that [Garcia Trucking's] late controvert was with reasonable grounds, the Board erred in reversing the ALJ's award of assessed attorney fees and litigation costs." Garcia Trucking and its insurer, Guarantee Insurance Company, applied for discretionary review of the superior court's ruling regarding attorney fees. We granted the application. For the reasons that follow, we reverse.

Pursuant to OCGA § 34-9-105 (c), the findings made by the members of the Board are, in the absence of fraud, conclusive. However,

> the [superior] court shall set aside the decision if it is found that: (1) [t]he members acted without or in excess of their powers; (2) [t]he decision was procured by fraud; (3) [t]he facts found by the members do not support the decision; (4) [t]here is not sufficient competent evidence in

2

the record to warrant the members making the decision; or (5) [t]he decision is contrary to law.

(Punctuation omitted.) In this case, the superior court based its decision on OCGA § 34-9-105 (c) (5).

In reviewing a workers' compensation award, "this Court must construe the evidence in the light most favorable to the party prevailing before the [Board]." *Laurens County Bd. of Educ. v. Dewberry*, 296 Ga. App. 204, 205-206 (674 SE2d 73) (2009) (footnote omitted). And, "the findings of the [Board], when supported by any evidence, are conclusive and binding, and neither the superior court nor this [C]ourt may substitute itself as a factfinding body in lieu of the [Board]." *The Medical Center, Inc. v. Hernandez*, 319 Ga. App. 335 (1) (734 SE2d 557) (2012) (citation and punctuation omitted). Erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law, are subject to de novo review. *Renu Thrift Store v. Figueroa*, 286 Ga. App. 455, 456 (649 SE2d 528) (2007).

The record shows that Sandoval worked for Garcia Trucking as a delivery truck driver. His duties included loading and unloading merchandise and driving the delivery truck. On October 29, 2014, approximately two and one-half years after he began work at Garcia Trucking, Sandoval injured his lower back and right leg while lifting a

3

50-pound box. Sandoval immediately told his supervisor (company owner Aureliano Garcia) about his injury and asked to see a doctor, but Garcia told him to go home and rest. Sandoval went home and missed two to three weeks of work due to the pain. Lacking the money to seek treatment from the authorized panel physicians, and/or not realizing that he could see the panel physicians, Sandoval went to a doctor at a clinic that provided medical treatment for people with low income. He returned to work until March 2015, when the pain became intolerable.

P. B., who was employed as an accountant by a company associated with Garcia Trucking and who knew Sandoval through his employment, testified that Sandoval told her about his back pain sometime between May and August 2014. Sandoval had pain medication that came from Mexico, and P. B. agreed to give him injections of the medication when he needed them. P. B. began giving him injections in May or June 2014. According to P. B., Garcia knew that she was giving Sandoval injections for back pain.

Garcia testified that he hired Sandoval as a favor to Sandoval's uncle, that Sandoval told him before he began working at Garcia Trucking that he had a "back problem," that he was giving himself injections of medication for pain, and that he could not begin work until the following week because he was "waiting on some

4

injections[.]" Garcia testified that it was not unusual for Sandoval to miss work prior to October 2014 due to back pain. He added that Sandoval never reported an October 2014 work injury and "never said he got hurt." According to Garcia, had Sandoval told him of an injury, he would have sent Sandoval to a doctor.

In April 2015, Sandoval filed a claim for income and medical benefits, alleging a compensable injury on October 29, 2014, and an alleged fictional new accident on March 13, 2015. He also sought continuing temporary total disability benefits from March 13, 2015, as well as attorney fees, costs and late payment penalties under OCGA §§ 34-9-108 (b) (1), (2), (4) and 34-9-221 (e). Garcia Trucking contended Sandoval failed to give it proper notice of the claim and that any back pain predated his employment.

Following a hearing, the ALJ found that Sandoval was credible, that he met his burden of proving a compensable accident on October 29, 2014, resulting in injury and disability, and that Garcia Trucking had actual notice of the injury. The ALJ further found "the Employer's defense claiming the Employee failed to give notice of his injury to the Employer to be unreasonable" and concluded that this unreasonable

5

defense served as a basis for the assessment of attorney fees and costs of litigation.[1]

The ALJ also awarded penalties based on Garcia Trucking's failure to controvert Sandoval's claim within 21 days of learning about the injury on October 29, 2014.[2] Garcia Trucking appealed the ALJ's award to the Board.

"After a review of the record as a whole, as well as the arguments presented," the Board concluded that the ALJ correctly ruled that Sandoval suffered a

---

[1] OCGA § 34-9-108 (b) (1) provides: "Upon a determination that proceedings have been . . . defended in whole or in part without reasonable grounds, the administrative law judge or the board may assess the adverse attorney's fee against the offending party." OCGA § 34-9-108 (b) (2) provides: "If any provision of Code Section 34-9-221 [regarding payment procedure and notice to controvert], without reasonable grounds, is not complied with and a claimant engages the services of an attorney to enforce his or her rights under that Code section and the claimant prevails, the reasonable quantum meruit fee of the attorney, as determined by the board, and the costs of the proceedings may be assessed against the employer." OCGA § 34-9-108 (b) (4) provides: "Upon a determination that proceedings have been . . . defended in whole or in part without reasonable grounds, the administrative law judge or the board may, in addition to reasonable attorney's fees, award to the adverse party in whole or in part reasonable litigation expenses against the offending party[.]"

[2] See OCGA § 34-9-221 (d), providing that an employer must dispute the right to compensation by filing a notice to controvert with the Board "on or before the twenty-first day after knowledge of the alleged injury or death"; OCGA § 34-9-221 (e), providing, "[i]f any income benefits payable without an award are not paid when due, there shall be added to the accrued income benefits an amount equal to 15 percent thereof, which shall be paid at the same time as, but in addition to, the accrued income benefits unless notice is filed under subsection (d) of this Code section or unless this nonpayment is excused by the board after a showing by the employer that owing to conditions beyond control of the employer the income benefits could not be paid within the period prescribed."

compensable injury on October 29, 2014, and informed Garcia Trucking about his injury, but found that the competent and credible evidence did not support the ALJ's finding that the employee was entitled to attorney fees:

> We find that the preponderance of the competent and credible evidence shows that the Employer had sufficient and timely notice of a claimed back injury in that it had enough information within thirty days after October 29, 2014, to investigate whether the Employee's absence from work, subsequent return to work, and need for restricted work were related to a work injury. [Cit.] However, given the evidence, including conflicting evidence, regarding the extent and duration of the Employee's pre-existing back condition and in light of the Employer/Insured's other defenses, which we find to have been closely contested on reasonable grounds, we conclude that an assessment of attorney's fees and costs of litigation are not warranted in this case.

The superior court reversed the Board's decision as to attorney fees and litigation costs.

1. Garcia Trucking contends that the superior court erred by reviewing the Board's decision under a de novo standard of review, when the issue on appeal was whether there was any evidence to authorize the Board's decision. We agree.

The superior court stated in its final order that the only issue before it was "whether the [Board] erred in reversing the [ALJ's] award of assessed attorney's fees against [Garcia Trucking]," that the issue was one of law, and that a de novo standard of review applied. However, whether the Board erred in reversing the ALJ's award of

7

attorney fees depended on whether Garcia Trucking defended the claim without reasonable grounds. See OCGA § 34-9-108 (b) (1). Whether an employer has unreasonably defended against a claim is a factual determination, subject to the "any evidence" standard of review. *Printpack v. Crocker*, 260 Ga. App. 67, 72-73 (3) (b) (579 SE2d 225) (2003); *Seabolt v. Beaulieu of America*, 255 Ga. App. 750, 752 (566 SE2d 444) (2002). Thus, the superior court erred in applying the de novo standard of review, and exceeded its authority in reversing the Board's decision. The Supreme Court has held that

> if after assessing the evidence of record, the [Board] concludes that the award does not meet the [OCGA § 34-9-103 (a)] evidentiary standards, the [Board] may substitute its own alternative findings for those of the ALJ, and enter an award accordingly.

*Bankhead Enterprises v. Beavers*, 267 Ga. 506, 507 (480 SE2d 840) (1997) (citations omitted).[3]

In reaching its decision, the superior court found that "the Board made no finding that [Garcia Trucking's] late controvert was with reasonable grounds." But the

---

[3] Under OCGA § 34-9-103 (a), "[t]he appellate division shall review the evidence and shall then make an award with findings of fact and conclusions of law. . . .The findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records."

8

ALJ awarded attorney fees based on Garcia Trucking's unreasonable defense, see OCGA § 34-9-108 (b) (1), not on its failure to timely controvert the claim.[4] And, in reversing the fee award, the Board did not discuss the untimely controvert. Instead, it concluded that an assessment of attorney fees and costs was not warranted, given the conflicting evidence regarding the extent and duration of Sandoval's pre-existing back condition and in light of Garcia Trucking's other defenses, which the Board found were "closely contested on reasonable grounds."

The superior court's role in this case was to review the Board's decision and make a determination as to whether it was supported by any evidence. See generally *Owens-Brockway Packaging v. Hathorn*, 227 Ga. App. 110, 111 (488 SE2d 495) (1997). There was some evidence in the record to support the Board's finding that Garcia Trucking raised a reasonable defense to the claim, and the Board exercised its discretion to reverse the attorney fee award. Because the Board did not base its decision upon an erroneous legal theory, but upon its factual findings that Garcia Trucking's defense was reasonable, and there was evidence to support its findings, the superior court erred by reversing the Board's decision. See generally *Master Craft*

---

[4] The ALJ awarded *penalties* based on Garcia Trucking's failure to timely controvert the claim. See OCGA §§ 34-9-108 (b) (2), 34-9-221 (d).

9

*Flooring v. Dunham*, 308 Ga. App. 430, 433-434 (708 SE2d 36) (2011) (the Board is authorized to weigh conflicting evidence and draw different factual conclusions from those reached by the ALJ).

2. Based on our holding in Division 1, we do not reach Garcia Trucking's remaining claims of error.

*Judgment reversed. Dillard, C. J., and Doyle, P. J., concur.*