A95A1631. UNITED PARCEL SERVICE et al. v. CULPEPPER.
(465 SE2d 709)

RUFFIN, Judge.

On April 3, 1989, Tina Culpepper, a United Parcel Service ("UPS") employee, was injured at work when a 50 to 65 pound package fell on her leg. Culpepper's calf swelled, and she went to the emergency room where the doctor prescribed an ice pack and ointment. After elevating her leg, the swelling subsided, and Culpepper did not miss any work as a result of the injury. No benefits were paid, although UPS paid for the medical treatment. In July 1993, Culpepper visited a company physician when her calf again began hurting. Culpepper testified that her leg started hurting after standing for long periods of time. The physician found that the injury was "definitely a result of the traumatic injury [Culpepper] received at work." While continuing to work, Culpepper then sought authorization for medical treatment from UPS's workers' compensation insurer, Liberty Mutual Insurance Company ("Liberty"). Liberty Mutual denied coverage, asserting the claim was barred by the one-year statute of limitation.

The ALJ concluded that Culpepper suffered a fictional new injury that resulted from employment-related aggravation to her preexisting injury and therefore authorized the requested treatment under *Central State Hosp. v. James*, 147 Ga. App. 308 (248 SE2d 678) (1978). The Board adopted the ALJ's award finding that under *James*, the fictional new injury established a new date for the beginning of the limitation period. The superior court affirmed the Board's award and we granted UPS's application for discretionary review. Because we agree that this case is controlled by *James*, we affirm.

UPS contends that this case is controlled by *Wier v. Skyline Messenger Svc.*, 203 Ga. App. 673 (417 SE2d 693) (1992). In *Wier*, the claimant injured her knee in a job-related accident. The claimant lost no time from work as a result of the injury and her employer voluntarily paid her medical bills. Approximately 16 months after her last visit to the doctor, the claimant's knee "gave way on her at home" and she filed for medical only benefits. Id. at 674. In affirming the Board's denial of benefits, this court held that the one-year statute of limitation in OCGA § 34-9-82 (a), applies to claims for medical only benefits. We concluded by stating that "if a worker wishes to preserve his lifetime right to treatment for a work injury for which no treatment is needed within a one-year period, a claim must be filed." Id. at 676. UPS relies on that concluding statement in *Wier* to support its contention that in July 1993, the one-year limitation period expired in this case and therefore the Board erred in awarding Culpepper benefits.

OCGA § 34-9-82 (a) provides that an employee's "right to compensation shall be barred unless a claim therefor is filed within one year after injury. . . ." However, "[u]nder the broad definition of the term 'accident' as used in our workmen's compensation law, if the employee continued to perform the duties of the employment and thereby aggravated the initial injury, this would amount to a new 'injury by accident.'" *Mallory v. American Cas. Co.*, 114 Ga. App. 641, 643 (4) (152 SE2d 592) (1966). In *James*, supra, we described three frequently occurring circumstances in which the Board and courts are required to distinguish between old and new injuries. Under facts such as exist in this case, we concluded that the limitation period does not begin to run until the disability resulting from the reinjury manifests itself. *James*, supra. While in *James* we addressed a situation where the disability manifested itself in such a manner that the employee was forced to stop working, we believe that an injury manifesting itself in such a manner that allows an employee to keep working but demands medical treatment should be afforded the same consideration. If we were to hold otherwise it would penalize an employee who attempts to continue working even though he is injured. See id.

While the facts in *Wier* are similar to the facts in this case, be-

cause that decision did not purport to address whether the fictional new accident theory applied to those facts, it is not in conflict with the Board's award. In this case the Board did not find that the one-year statute of limitation was inapplicable, rather, it found only that it did not begin to run until the date of the new injury. Because there was evidence to support the Board's finding that Culpepper suffered a new injury, we conclude that it correctly ruled that Culpepper's claim was not barred by the statute of limitation.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED DECEMBER 1, 1995 —
RECONSIDERATION DENIED DECEMBER 19, 1995 —

*Hines & Head, Michael D. Usry,* for appellants.
Tina L. Culpepper, *pro se.*