S96A1814. BANKHEAD ENTERPRISES et al. v. BEAVERS.
(480 SE2d 840)

THOMPSON, Justice.

After the Court of Appeals declined to review an application for discretionary appeal brought by employer Bankhead Enterprises and its insurer in this workers' compensation case, we granted employer/insurer's petition for certiorari and application for discretionary review.

This case involves the role of the appellate division of the Workers' Compensation Board in reviewing an award of the administrative law judge in the trial division, and raises this question: Whether OCGA § 34-9-103 (a), as amended by Ga. L. 1994, p. 887, § 8, authorizes the appellate division to vacate the ALJ's findings of fact and conclusions of law as unsupported by a preponderance of the competent and credible evidence, and to substitute its own findings. We hold that it does, and we reverse the judgment of the superior court.

The 1994 amendment designates an appellate division of the State Board of Workers' Compensation, vesting it with original appellate jurisdiction in all workers' compensation cases. It further redefines the authority and function of the appellate division in hearing appeals from a decision of an administrative law judge.

A party dissatisfied with an ALJ's decision in a workers' compensation case may make timely application for review to the appellate division. OCGA § 34-9-103 (a), as amended, directs the appellate division to "review the evidence [adduced in the trial division and] then make an award with findings of fact and conclusions of law." Formerly, OCGA § 34-9-103 (a) authorized the appellate division (then designated as the board) to hear additional testimony.[1] The 1994 amendment deleted that language, so that de novo review by the appellate division is no longer authorized. Under the new standard, "[t]he findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records." Id. Thus, the appellate division must weigh the evidence and assess the credibility of witnesses and if it determines that the award of the ALJ is supported by a preponderance of admissible evidence, it will be accepted. But, if after assessing the evidence of record, the appellate division concludes that the award does not meet the statutes' evidentiary standards, the appellate division may substitute its own alternative findings for those of the ALJ, and enter an award accordingly. Accord *Bennett-Murray, Inc. v. Barnes*, 222 Ga. App. 137 (1) (473 SE2d 166) (1996); *AT&T v. Cotten*, 222 Ga. App. 261 (474 SE2d 102) (1996); *Clinical Arts v. Smith*, 218 Ga. App. 681 (462 SE2d 757) (1995); *Harrell v. City of Albany Police Dept.*, 219 Ga. App. 810 (1) (466 SE2d 682) (1996).

Both the former and amended versions of subsection (a) permit the appellate division to

> remand to an administrative law judge in the trial division any case before it for the purpose of reconsideration and correction of apparent errors and omissions and issuance of a new award, with or without the taking of additional evidence, or for the purpose of taking additional evidence for consideration by the appellate division in rendering any decision or award in the case. Id.

---

[1] In contrast, former OCGA § 34-9-103 (a) allowed for de novo review: "[T]he board shall review the evidence, or, if deemed advisable, shall hear the parties at issue and their representatives and witnesses as soon as practicable and shall then make and file an award. . . ."

In the present case, the appellate division twice reversed findings of fact by an ALJ who awarded disability benefits to claimant/appellee Beavers. The first award was correctly reversed by the Superior Court for the reason that the appellate division considered the appeal of employer/appellant Bankhead Enterprises on a de novo basis, contrary to the amended version of OCGA § 34-9-103 (a). The case was remanded to the appellate division with instructions to consider it under the amended standard of review, to "determine whether the ALJ's findings 'are supported by a preponderance of competent and credible evidence,' which necessarily requires and empowers the appellate division to weigh the evidence." Using the preponderance standard, the appellate division reversed the ALJ for a second time, and then made its own findings of fact to replace those which it had rejected as unsupported by the evidence. Beavers once again appealed the decision to the superior court, which again reversed, holding that while the appellate division had the power to weigh the evidence and to specify which findings of fact it found insufficient, the appellate division did not have the authority to enter its own findings of fact under the amended statute. It reversed the award with direction that the appellate division remand to the ALJ to make appropriate findings and conclusions based on the evidence already before it. This was an erroneous application of OCGA § 34-9-103 (a). The appellate division is clearly authorized under the statute "to make findings of fact and conclusions of law." Id. And if there was evidence to support the appellate division's substitute findings, its decision should have been affirmed by the superior court. *Metro Interiors v. Cox*, 218 Ga. App. 396 (461 SE2d 570) (1995); *Bennett-Murray, Inc.*, supra.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 17, 1997.

*Sligh, Presmanes & Jackson, James G. Jackson,* for appellants. *Charles H. Lumpkin, Jr.,* for appellee.