A97A2192. RISNER v. BULK EQUIPMENT MANUFACTURING, INC. et al.
(494 SE2d 304)

SMITH, Judge.

In this workers' compensation case, the State Board awarded the employee recommencement of benefits following his termination for cause, but the superior court reversed the award on the grounds that the employee failed to establish any loss of earning power attributable to a work-related injury. We granted the employee's application for discretionary appeal to determine whether the superior court applied the proper legal standard in doing so. Because the superior court based its conclusion solely upon the employee's termination for cause and not upon any failure by him to show that he was unable to find suitable employment due to his injury, we reverse.

Eddie Risner sustained a compensable back injury on May 30, 1995, while working for Bulk Equipment Manufacturing, Inc. Bulk Equipment accepted the claim and paid income and medical benefits until Risner returned to work in a light duty janitorial position in December 1995. On December 18, 1995, Risner complained about his back hurting and went home early that day. He returned to work two days later and was terminated then because he failed an employer-required drug test. Risner subsequently filed this claim for recommencement of income benefits based upon a change in condition.

The ALJ found that the evidence clearly demonstrated that Risner continued to suffer physical limitations attributable to the back injury and that he had made a diligent but unsuccessful job search since January 12, 1996. Nevertheless, the ALJ denied the claim on the ground that Risner had lost his job for cause and therefore had not shown a diminution in earning power due to his injury. The Appellate Division reversed the ALJ and awarded benefits, holding that an employee who is terminated for cause can still prove a change in condition and entitlement to benefits by showing that as a result of his continuing disability he has been unable to obtain other suitable employment. See *Maloney v. Gordon County Farms*, 265 Ga. 825 (462 SE2d 606) (1995); *Harrell v. City of Albany Police Dept.*, 219 Ga. App. 810 (466 SE2d 682) (1996).

The superior court, however, reversed the Appellate Division

and adopted instead the award of the ALJ. In doing so, the superior court held that the evidence did not support the Appellate Division's conclusion that Risner had proven a loss of earning power attributable to his injury. The superior court further held: "The claimant has not shown by a preponderance of the evidence that his inability to secure suitable employment has been as a result of his work-related injury. In fact, the claimant had suitable light-duty employment with the employer, but was discharged for failing the drug test."

The superior court's conclusion that Risner failed to establish a loss of earning power appears to have been based solely upon Risner's termination for cause. However, termination for cause alone does not disqualify an employee for recommencement of income benefits based on a change in condition. Even when an employee is discharged for cause, compensation may be allowed provided the employee meets his burden under *Maloney* of showing an inability to obtain other suitable employment due to the residual limitations caused by his injury. See *Waffle House v. Padgett*, 225 Ga. App. 144 (483 SE2d 131) (1997); *Diamond Rug & Carpet Mills v. Moses*, 221 Ga. App. 807, 808 (472 SE2d 565) (1996). That is, following termination for cause, an employee may prove a loss of earning power by showing the inability to obtain other suitable employment because of a continuing disability attributable to a work-related injury. *Ga. Power Co. v. Brown*, 169 Ga. App. 45, 49 (311 SE2d 236) (1983).

In this case, there was some evidence of record to support the Appellate Division's determination that Risner satisfied his burden of proof under *Maloney*, and the superior court therefore erred in reversing the award and denying Risner's claim.

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

This case is about the use of inferences to supply facts when there is no direct evidence, and in particular about the distinction between the ALJ's use of inferences and authority of the appellate division of the Workers' Compensation Board to draw contrary inferences within the scope of its review power under OCGA § 34-9-103 (a).

That Code section, as revised in 1994, instructs the appellate division that "[t]he findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate division where such findings are supported by a preponderance of competent and credible evidence contained within the records."

When a resumption of disability income benefits is sought by a worker, that claimant has the burden of proving a change in condition by a preponderance of the evidence. *Maloney v. Gordon County*

*Farms*, 265 Ga. 825, 826 (462 SE2d 606) (1995). The change in condition asserted by Risner is "a change in the wage-earning capacity" for the worse, as provided by OCGA § 34-9-104 (a). The ALJ termed it "a loss of earning power . . . a diminution of earning power." *Maloney* confirmed that " '[t]he requisite economic change in condition exists when the employee is able to demonstrate that, as a proximate result of his previous work related injury, he is unable to secure suitable employment elsewhere.' " Id. at 827. The Supreme Court in *Maloney* made clear that the proximate cause element, linking work-related injury to job rejection, could be proved by showing a) that the claimant "labored under a continuing disability" and b) that the claimant "made a diligent but unsuccessful search for subsequent suitable employment." Id. at 827. Recognizing that it would be unrealistic to require the claimant to prove by direct evidence that the *reason* he or she was not hired by a prospective employer was the job injury disability, the Court reiterated that the fact could be supplied by inferences drawn by the factfinder from the evidence of claimant's unsuccessful efforts to obtain employment. In that case the worker's applications for employment disclosed her physical limitations, and she received no job offers. The ALJ drew a reasonable inference that the reason for the lack of success was the job-related injury. The full Board adopted this inference as being established by a preponderance of the evidence.

In Risner's case, the ALJ refused to draw this inference and found instead that Risner did not suffer a loss of earning power because of his job injury. The ALJ implied that the lack of a job was the result of some other impediment, namely the use of drugs. The appellate division disagreed, drawing instead the inference that the lack of job offers resulted from a diminished physical capacity occasioned by the job injury.

The appellate division was authorized to draw a different inference from the evidence of Risner's physical condition and unsuccessful job search. According to *Bankhead Enterprises v. Beavers*, 267 Ga. 506, 507 (480 SE2d 840) (1997), "the appellate division must weigh the evidence and assess the credibility of witnesses and if it determines that the award of the ALJ is supported by a preponderance of admissible evidence, it will be accepted. But, if after assessing the evidence of record, the appellate division concludes that the award does not meet the statutes' evidentiary standards, the appellate division may substitute its own alternative findings for those of the ALJ, and enter an award accordingly." To this extent then, the appellate division is a factfinder and, as such, may draw inferences by virtue of this role. And whether or not a later appellate court would view the ALJ's findings as supported by a preponderance, the appellate division's substituted findings must be accepted "if there was evidence to

support [them]." Id. at 508. Risner's applications for employment included notice of his physical limitations, and thus there was evidence to support the appellate division's inference that the reason he received no job offers was the diminished physical capacity brought on by his job injury.

In consequence, the superior court exceeded its review bounds in ascertaining that the appellate division's finding was "unsupported by the evidence" and in concluding that the preponderance of evidence showed a different reason for diminished wage-earning capacity. The law does not allow for denial of workers' compensation benefits due to drug use unless the work-related injury or death is due to "being under the influence of marijuana or a controlled substance." OCGA § 34-9-17 (b). Compare the intent and extent of the drug-free workplace law, OCGA §§ 34-9-410 to 34-9-421. If the inability to secure suitable employment is the result of a work-related injury, then the fact that a claimant was discharged by his employer for drug use is irrelevant, under the law. *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326, 327 (316 SE2d 535) (1984).

DECIDED NOVEMBER 24, 1997 —

*Stephen C. Carter*, for appellant.
*Lowendick, Speed & Cuzdey, Stephen Cuzdey, Lesli R. Seta*, for appellees.