## A05A1478. GEORGIA PACIFIC CORPORATION v. CROSS.
### (621 SE2d 586)

MILLER, Judge.

The appellate division of the State Board of Workers' Compensation awarded Steven Cross compensation for injuries arising from his exposure to sulfuric acid while employed at Georgia Pacific Corporation. The superior court affirmed. Georgia Pacific filed an application for discretionary review, and we granted the application. Since we find that there was evidence to support the decisions of the appellate division and the superior court, we also affirm.

The record shows that on August 22, 1995, Cross was working at a paper mill later acquired by Georgia Power when a leak developed in a pipe close to where he was working. He was exposed to a fine mist of sulfuric acid as a result. Later that day, after he began to have difficulty swallowing and breathing, Cross went to the local emergency room, where he was treated and discharged. He returned to work a few days later.

A few weeks after this incident, Cross missed work again due to pain and swelling in his left ankle. Cross also missed work from November 2000 to February 2001 due to right elbow pain and swelling, and from August to November 2001 due to left leg and ankle pain. In November 2001, after a four-hour examination, a doctor told Cross that he was suffering from an autoimmune disease as a result of his 1995 exposure to sulfuric acid. Cross stopped work altogether on January 4, 2002, and filed a workers' compensation claim on January 28.

After a hearing, the administrative law judge (ALJ) denied Cross's claim against Georgia Pacific on the grounds that (1) he had failed to prove an "occupational disease" as defined in OCGA § 34-9-280 (2) (B), and (2) his claim for an "occupational injury" arising from the 1995 exposure was barred by the one-year statute of limitation. Although the appellate division of the State Board agreed that Cross's claim arose from an occupational injury, it reversed the ALJ, finding that Cross had been forced to stop work "due to a work-related aggravation of his work-related arthritic condition" on January 4, 2002, and that his claim was therefore timely filed. Georgia Pacific appealed first to the superior court, which affirmed the award to Cross, and then applied to this Court for discretionary review. We granted the application, and this appeal followed.

1. Georgia Pacific contends that because there was no evidence to support the appellate division's finding that Cross sustained a "new injury" as of the date he stopped working, Cross's claim is time-barred. We disagree.

A court reviewing an award of workers' compensation must construe the evidence in the light most favorable to the decision of the appellate division.

> It is axiomatic that the findings of the State Board of Workers' Compensation, when supported by *any* evidence, are conclusive and binding, and that neither the superior court nor this [C]ourt has any authority to substitute itself as a fact finding body in lieu of the Board.

(Citations and punctuation omitted; emphasis supplied.) *Atlas Automotive v. Wilson*, 225 Ga. App. 631, 633 (1) (484 SE2d 669) (1997); see also *Southwire Co. v. George*, 266 Ga. 739, 742 (470 SE2d 865) (1996). A reviewing court applies the same "any evidence" standard even when the appellate division has found that the ALJ's findings were not supported by a preponderance of the evidence and has substituted its own findings. *Bankhead Enterprises v. Beavers*, 267 Ga. 506, 508 (480 SE2d 840) (1997).

Thus the crux of this appeal is whether there was *any* evidence to support the appellate division's judgment that Cross's remaining on the job aggravated his work-related injury. Here, Cross and others testified that his continuing to work seriously aggravated the arthritic condition resulting from his 1995 exposure to sulfuric acid. Thus there was some evidence to support the appellate division's finding. See *Bankhead Enterprises*, supra; see also *Logan v. St. Joseph Hosp.*, 227 Ga. App. 853, 859-860 (3) (490 SE2d 483) (1997) (physical precedent only) (appellate division is authorized to reverse ALJ and to accept claimant's testimony on causation over that of medical expert).

2. It is also well settled that when an injured employee continues to perform the duties of his employment until he is forced to stop "because of the gradual worsening of his condition which was at least partly attributable to his physical activity in continuing to work," the statute of limitation begins to run on the date he stops working. *Central State Hosp. v. James*, 147 Ga. App. 308, 309 (1) (a) (248 SE2d 678) (1978); see also *United Parcel Svc. v. Culpepper*, 219 Ga. App. 534, 535 (465 SE2d 709) (1995). The purpose of this rule is to avoid penalizing a claimant "who attempted to continue working even though he was injured to some extent." *Central State Hosp.*, supra, 147 Ga. App. at 309 (1) (a).

Since Cross's injury arose as of the date he could no longer work, we must reject Georgia Pacific's contention that Cross's claim, filed 24 days later, was not timely filed. See OCGA § 34-9-80 (claim must be filed within 30 days of accident). Thus the superior court did not err in affirming the appellate division's award to Cross. Id.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED SEPTEMBER 28, 2005.

*Brennan & Wasden, Marvin W. McGahee,* for appellant.
*Bouhan, Williams & Levy, B. H. Levy, Jr.,* for appellee.