**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 10, 2015**

# In the Court of Appeals of Georgia

A14A2270. EMORY UNIVERSITY v. DUVAL.

DILLARD, Judge.

In this workers' compensation action, claimant Sandra Stennett Duval sought benefits from her former employer, Emory University, for what she claimed was aggravation of a compensable right-shoulder injury. The administrative-law judge ("ALJ") awarded benefits to Duval, but the Appellate Division of the State Board of Workers' Compensation (the "Board") reversed, finding that the aggravation of the right-shoulder injury was not work-related. The superior court then reversed and remanded to the Board, ordering it to address why it did not accept the evidence relied upon by the ALJ in awarding benefits. We granted Emory University's application for discretionary review and, because the superior court applied the incorrect standard of review in reversing the Board's award, we reverse.

The record reflects that Duval was employed with Emory University Hospital Midtown as a nurse from October 2008 until she was terminated in January 2013. Duval worked in the telemetry unit with cardiac patients when, on December 3, 2010, it is undisputed that she suffered a compensable injury to her right shoulder while lifting a patient. At that moment, Duval felt an "immediate pop" in her right shoulder.

Thereafter, in January 2011, Duval sought treatment from an approved workers' compensation doctor (who was an orthopaedic surgeon). This doctor administered a steroid injection to the right shoulder, and Duval returned to full-time work in the telemetry unit approximately one week later. Then, in February 2011, Duval returned to the orthopaedic surgeon because she was experiencing pain in her *left* shoulder, and she received a steroid injection in that shoulder before continuing to perform her regular job duties.

Nevertheless, Duval returned to the orthopaedic surgeon in March 2011, and he ordered an MRI of her left shoulder. The surgeon then recommended that Duval undergo surgery to her left shoulder to repair a rotator-cuff tear, which she did in November 2011. Duval never returned to work after the surgery to her left shoulder.

Following surgery, Duval was unable to use her left arm for eight weeks, and she testified that it was difficult and painful to solely rely upon her right arm.

Therefore, in February 2012, Duval returned to the orthopaedic surgeon, and she received two more steroid injections to her right shoulder that year. When those injections failed to alleviate Duval's pain, the doctor ordered an MRI and then recommended surgery to repair a rotator-cuff tear in the right shoulder.

Thereafter, Duval requested a workers' compensation hearing, seeking (1) additional medical benefits for her December 3, 2010 compensable right-shoulder injury, including the surgery recommended by the orthopaedic surgeon; (2) a determination that her left-shoulder condition was a compensable injury causally related to her 2010 right-shoulder injury; (3) temporary total-disability benefits from November 18, 2011, and beyond, based upon both shoulder injuries; and (4) assessed attorney fees for bad-faith refusal to pay. Emory contended that Duval's 2010 right-shoulder injury was temporary and had resolved after appropriate medical treatment, and that her left-shoulder injury was unrelated to her employment.

Following a hearing at which Duval and a benefits case manager for Emory testified, and following review of the medical records entered into evidence, the ALJ concluded that Duval's left-shoulder injury was not a compensable work-related injury but that her current right-shoulder injury was an aggravation of her

3

compensable December 2010 injury. These findings were made in reliance upon the medical records from the orthopaedic surgeon.

But on appeal, the Board concluded, based upon other medical records that demonstrated a history of shoulder pain predating the December 2010 injury and the conclusions reached by an expert for Emory after his review of the orthopaedic surgeon's records, that the December 2010 right-shoulder injury and the current right-shoulder injury were unrelated. More specifically, based on these records, the Board found that the December 2010 injury had resolved itself one year prior to the reemergence of complaints related to the right shoulder, which occurred after Duval discontinued working to undergo surgery on her left shoulder. Accordingly, the Board reversed the ALJ's award of temporary total-disability benefits and the award of past and continuing medical treatment of the current right-shoulder injury.

Duval appealed the Board's reversal to the superior court, which reversed the Board's decision and remanded to the Board, noting that the Board could not "reject a finding of fact made in the trial division if that finding is supported by a preponderance of competent and credible evidence contained within the records." As such, the superior court remanded for the Board to address what the superior court deemed to be a discrepancy in the Board's reversal of the ALJ's award,

4

notwithstanding the ALJ's finding that the orthopaedic surgeon's records were more credible. Thus, the superior court ordered the Board "to either accept [the ALJ's] finding of fact . . . or provide rational[e] of why the treating physician's undisputed opinion was rejected." Emory now challenges the superior court's order, asserting that the court did not give proper deference to the Board's findings.[1] We agree and reverse the superior court's order.

To begin with, we note that when the Board reviews an ALJ's grant or denial of workers' compensation benefits, the Board is authorized "to vacate the ALJ's findings of fact and conclusions of law as unsupported by a preponderance of the competent and credible evidence, and to substitute its own alternative findings."[2] And

---

[1] More specifically, Emory makes this assertion in three separate enumerations of error, contending that the superior court erred by (1) substituting its findings of fact for findings made by the Board, which were supported by evidence, (2) remanding to the Board when there was no evidence of a factual error or any contention that evidence was improperly admitted, and (3) failing to construe the evidence in a way most favorable to the party that prevailed before the Board.

[2] *Master Craft Flooring v. Dunham*, 308 Ga. App. 430, 433 (708 SE2d 36) (2011) (punctuation omitted); *accord Owens-Brockway Packaging v. Hathorn*, 227 Ga. App. 110, 111 (488 SE2d 495) (1997); *see* OCGA § 34-9-103 (a) ("The findings of fact made by the [ALJ] in the trial division shall be accepted by the [Board] where such findings are supported by a preponderance of competent and credible evidence contained within the records."); *Bankhead Enterprises v. Beavers*, 267 Ga. 506, 507 (480 SE2d 840) (1997) ("Under the new standard, [t]he findings of fact made by the administrative law judge in the trial division shall be accepted by the appellate

in so doing, the Board is also authorized to "assess witness credibility, weigh conflicting evidence, and draw different factual conclusions from those reached by the [ALJ] who initially heard the dispute."[3] Additionally, the Board may "disregard factual inferences drawn by the ALJ and . . . substitute its own in place of those inferences."[4] And our Supreme Court has noted that "if after assessing the evidence of record, the [Board] concludes that the award does not meet [OCGA § 34-9-103 (a)'s] evidentiary standards, the [Board] may substitute its alternative findings for those of the ALJ, and enter an award accordingly."[5]

---

division where such findings are supported by a preponderance of competent and credible evidence contained within the records." (punctuation omitted)).

[3] *Master Craft Flooring*, 308 Ga. App. at 434 (punctuation omitted); *accord Lowdnes County Bd. of Comm'rs v. Connell*, 305 Ga. App. 844, 844 (701 SE2d 227) (2010); *see Bankhead Enterprises*, 267 Ga. at 507 ("[T]he appellate division must weigh the evidence and assess the credibility of witnesses and if it determines that the award of the ALJ is supported by a preponderance of admissible evidence, it will be accepted.").

[4] *Master Craft Flooring*, 308 Ga. App. at 434 (punctuation omitted); *see also Medders v. Smith*, 245 Ga. App. 323, 325 (1) (537 SE2d 153) (2000) ("The [Board] is a factfinder, and as such, it is authorized to draw a different inference from that of the ALJ.").

[5] *Bankhead Enterprises*, 267 Ga. at 507.

In stark contrast, however, neither this Court nor the superior court "has any authority to substitute itself as a fact finding body in lieu of the [Board]."[6] Indeed, as a reviewing court, "our role is not to return to the findings of the ALJ and examine whether that decision was supported by a preponderance of the evidence, but is instead to review the *Board's* award for the sole purpose of determining if *its findings* are supported by any record evidence."[7] If this Court answers that question in the affirmative, "the Board's findings are conclusive and binding, regardless of whether we would have reached the same result if given the opportunity to weigh the evidence in the first instance."[8]

---

[6] *Master Craft Flooring*, 308 Ga. App. at 434 (punctuation omitted); *accord Medders*, 245 Ga. App. 326 (1).

[7] *Master Craft Flooring*, 308 Ga. App. at 434 (first emphasis supplied); *see Owens-Brockway Packaging*, 227 Ga. App. at 111 ("If the [Board's] reweighing of the evidence led to a conclusion different from that reached by the ALJ, the superior court is obligated to affirm it if there is any evidence to support it."); *Risner v. Bulk Equip. Mfg., Inc.*, 229 Ga. App. 529, 531 (494 SE2d 304) (1997) (Beasley, J., concurring specially) ("[W]hether or not a later appellate court would view the ALJ's findings as supported by a preponderance, the [Board's] substituted findings must be accepted if there was evidence to support them." (citation and punctuation omitted)).

[8] *Master Craft Flooring*, 308 Ga. App. at 434; *see Georgia-Pacific Corp. v. Wilson*, 240 Ga. App. 123, 124-25 (1) (522 SE2d 700) (1999) ("When supported by any evidence, findings of fact by the Board are conclusive and binding on reviewing courts, and judges lack authority to set aside an award based on disagreement with the Board's conclusions.").

Here, within the context of this deferential legal framework, it is clear that the superior court erred in reversing the Board's ruling when there is record evidence to support it.[9] Although the ALJ found the medical records provided by Duval's treating orthopaedic surgeon more credible, the Board found more credible medical records establishing a history of shoulder pain predating the December 2010 compensable injury and the conclusion of Emory's expert (based upon his review of the orthopaedic surgeon's records). Specifically, Emory's expert concluded that the compensable December 2010 injury resolved when Duval made no additional complaints as to her right shoulder until January 2012, which was after Duval was forced to exclusively rely upon her right arm while recovering from surgery for a non-compensable left-shoulder injury *and* after she ceased working in November 2011 to undergo the surgery. Thus, while the orthopaedic surgeon concluded that the current right-shoulder injury was the result of a tear in December 2010 because he believed

*See Master Craft Flooring*, 308 Ga. App. at 435 (holding that superior court erred in reversing Board's award/reversal of ALJ decision when there was evidence to support the Board's award); *see also United Family Life Ins. Co. v. Sasser*, 224 Ga. App. 871, 871 (482 SE2d 491) (1997) ("Regardless of what our findings would be if we were the factfinders, upon appeal to the superior court and this Court, the evidence will be construed in a light most favorable to the party prevailing before the [B]oard, and every reasonable factual inference and presumption of validity of award should be indulged in by the reviewing court." (citation and punctuation omitted)).

Duval was too young to suffer from a degenerative condition, Emory's expert concluded that the current injury was attributable to a chronic impingement condition as opposed to "a traumatic event, some time prior."

In sum, because there was evidence to support the Board's substitute findings, its decision should have been affirmed by the superior court.[10] Accordingly, we reverse the superior court's judgment.

*Judgment reversed. Doyle, P. J., and Miller, J., concur.*

---

[10] *See Bankhead Enterprises*, 267 Ga. at 507 ("The appellate division is clearly authorized under [OCGA § 34-9-103 (a)] 'to make findings of fact and conclusions of law.' And if there was evidence to support the appellate division's substitute findings, its decision should have been affirmed by the superior court." (citation omitted)); *see also Bennett-Murray, Inc. v. Barnes*, 222 Ga. App. 137, 139 (1) (473 SE2d 166) (1996) ("In this case, the [Board] has reviewed the testimony of conflicting medical experts and determined that the testimony of one is entitled to more credit and weight than that of the other. This is a function the [Board] is currently authorized to perform. Although there is evidence supporting the ALJ's finding that the testimony of one of the experts is entitled to greater credit and weight, there is evidence supporting the [Board's] alternative finding. Therefore, the latter's award must be affirmed, as it is not the function of either the superior court or this court to weigh the evidence.").