**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 29, 2018**

# In the Court of Appeals of Georgia

A17A1983. THE LAW OFFICES OF JORGE LUIS FLORES, LLC
v. CRUZ & ASSOCIATES.

MCMILLIAN, Judge.

In this worker's compensation case, the Administrative Law Judge awarded attorney fees to the employee's former counsel, The Law Offices of Jorge Luis Flores, LLC ("Flores"), following the settlement of the case by the employee's new counsel, Cruz & Associates ("Cruz"). The Appellate Division of the State Board of Workers' Compensation[1] affirmed the ALJ's order, but the superior court reversed and remanded the case for further proceedings. We granted Flores' application for discretionary appeal in this matter and now reverse the superior court's order because

---

[1] The Administrative Law Judge is hereinafter referred to as the "ALJ," and the Appellate Division of the State Board of Worker's Compensation is referred to as the "Board."

we find there was sufficient evidence below to support the award of attorney fees to Flores.

The undisputed facts in the record show that the employee, Martha Rodriguez, suffered a compensable work-related injury on July 21, 2005, and on October 29, 2005, she signed a contingency contract with Flores to pursue her workers' compensation claim (the "fee contract"). Flores represented Rodriquez for over six years, during which time Flores, associated counsel, and legal assistants performed legal services related to her claim, including, but not limited to, ensuring the payment of employment benefits, managing medical treatment, engaging in discovery, meeting with Rodriguez, and filing motions and other documents on her behalf.

Around January 12, 2012, Rodriguez terminated Flores's representation and hired Cruz as her new counsel. Flores subsequently filed a notice of lien in the amount of $17,180 seeking payment for services rendered and expenses incurred. Cruz later settled the case, with the settlement including a payment of $50,000 in attorney fees and approximately $1,500 in expenses.

After the case settled, Cruz contested Flores' right to recover payment under his lien on the grounds that the Flores' fee contract was unenforceable due to a lack of a meeting of minds between the parties and further that Flores had failed to prove

2

the value of his services. The ALJ held a hearing on the matter, and based on the evidence and testimony presented as well as briefing by the parties, the ALJ found that Flores "successfully proved his claim of lien, albeit in *quantum meruit* rather than on his fee contract." (Emphasis in original.) The ALJ also found that Cruz was correct in arguing that "there was no meeting of the minds between [Flores] and [Rodriguez] regarding any hourly rates payable under the fee contract, . . . as the fee contract is silent in this regard" and that "the contractual language did not specify the recovery [Flores] would be entitled to in the event the contingency provided for under the contract did not occur or the expenses for which the Employee would be liable in that event." Nevertheless, the ALJ held that "counsel may still prove the value of his services performed prior to termination under a theory of quantum meruit." The ALJ concluded that Flores had established that the fair value of its legal services was $15,650 and its proven expenses were $1,530; therefore, the ALJ awarded Flores the full amount if its lien, $17,180. Cruz appealed the ALJ's order, and the Board affirmed the award, determining that the ALJ's award was supported by a preponderance of the competent and credible evidence and adopting the ALJ's findings of fact and conclusions of law as the Board's own.

Cruz then appealed the Board's award to the Superior Court of Fulton County. Following a hearing, the superior court issued an order reversing the award and remanding the case for consideration of additional evidence on the fees claimed by Flores. The superior court determined that Flores' fee contract was invalid because it was not drafted in accordance with the Georgia Rules of Professional Coduct and further because there was no meeting of the minds between the parties as to Flores' hourly rates. The superior court also found that there was a clear lack of competent evidence to support the Board's award of the full amount of the lien to Flores. This appeal followed.

Flores argues that the superior court applied the wrong standard of review and erred by failing to analyze the issue of quantum meruit, because that issue, and not the issue of the fee contract's validity, was the foundation of the administrative rulings. We agree.

Turning first to the standard of review, we note that superior courts apply the same standard of review as this Court does in considering decisions by the Board. In workers' compensation cases,

> both the superior court and this Court are required to construe the
> evidence in a light most favorable to the party prevailing before the

State Board. It is axiomatic that the findings of the Board, when supported by any evidence, are conclusive and binding, and that neither the superior court nor this Court has any authority to substitute itself as a fact finding body in lieu of the Board.

(Citation omitted.) *Autozone, Inc. v. Mesa*, 342 Ga. App. 748, 752 (804 SE2d 734) (2017). "The question of whether the trial court applied the correct legal standard in evaluating the evidence, however, is one of law, which we review de novo." (Citation and punctuation omitted.) Id.

Here, the Board found that the parties failed to reach a meeting of the minds under the fee contract as to any hourly rates payable or as to the amount of any recovery in the event that the fee contract's contingency did not occur, so the fee contract was unenforceable. The Board then relied on the well-settled principle that

[w]hen a contingent fee arrangement exists between a client and an attorney and the client prevents the contingency from happening, the attorney is entitled to reasonable attorney's fees for his services that have been rendered on behalf of the client. Thus, although prevented from recovering under the contract, the attorney still has [a] remedy in quantum meruit.

*Ellerin & Assocs. v. Brawley,* 263 Ga. App. 860, 862-63 (2) (589 SE2d 626) (2003). Therefore, an attorney who is discharged before earning his contractual contingency

5

fee may seek a recovery under quantum meruit. See *Tolson v. Sistrunk*, 332 Ga. App. 324, 333 (2) (a) (772 SE2d 416) (2015); *Haldi v. Watson*, 240 Ga. App. 801, 802 (2) (522 SE2d 696) (1999).

Moreover, recovery in quantum meruit is available even where, as the superior court found here, a fee contract violates the rules of professional conduct, "if the services themselves are not intrinsically illegal, or the conduct surrounding execution of the contract violates no overriding public interest." (Citation and punctuation omitted.) *Genins v. Geiger*, 144 Ga. App. 244, 245-46 (2) (B) (240 SE2d 745) (1977). See also *Remediation Svcs., Inc. v. Georgia-Pacific Corp.*, 209 Ga. App. 427, 433 (433 SE2d 631) (1993) (Recovery in quantum meruit is available where the underlying transaction was not intrinsically illegal;" rather "where a contract is illegal only in part, recovery is allowed on a quantum meruit basis for the part of the services which was legal."). Compare *Sapp v. Davids*, 176 Ga. 265 (168 SE 62) (1933) (remedy of quantum meruit not available where attorney fee contract was void ab initio on the ground that it was champertous because it provided that the attorney would relieve the client of the payment of the costs or expenses incidental to the employment); *Nelson & Hill, P.A. v. Wood*, 245 Ga. App. 60, 64-66 (2) (537 SE2d 670) (2000) (recovery in quantum meruit unavailable where attorney was attempting

6

to recover contingency fee, instead of the value of services rendered, and attorney had already been compensated the reasonable value of the services provided to the client). Accordingly, the Board properly applied the remedy of quantum meruit after it determined that the fee contract was unenforceable, and the superior court erred in failing to consider this issue.

We also agree with Flores that the superior court erred to the extent that it applied a de novo standard in reviewing the amount of attorney fees awarded. The Board based its award of attorney fees to Flores on factual findings it adopted from the ALJ's order.

> [A]s a reviewing court, our role is not to return to the findings of the ALJ and examine whether that decision was supported by a preponderance of the evidence, but is instead to review the Board's award for the sole purpose of determining if whether its findings are supported by *any* record evidence. If this Court [or the superior court] answers that question in the affirmative, the Board's findings are conclusive and binding, regardless of whether we would have reached the same result if given the opportunity to weigh the evidence in the first instance.

(Citations and punctuation omitted; emphasis supplied.) *Emory Univ. v. Duval*, 330 Ga. App. 663, 666-67 (768 SE2d 832) (2015).[2] See *Bibb County v. Short*, 238 Ga. App. 291, 292 (518 SE2d 484) (1999) (superior court "not authorized to substitute its judgment as to weight of the evidence or the credibility of the witnesses" for that of Board) (citation omitted).

Applying the appropriate standard, we note that "our precedent makes clear that when the discharged attorney seeks recovery from a former client under quantum meruit, the fees awarded to the attorney should be determined based on the reasonable value of the services rendered to the client." *Tolson*, 332 Ga. App. at 333 (2) (a). Here, the Board expressly found, based on the testimony from a Flores legal assistant and one of the associated attorneys who worked on Rodriguez's case, as well as documentary evidence, that the work performed by the legal assistant "was substantive and added value to the client's case." The Board further found that the testimony and evidence presented about time spent on the case was supported by the Flores firm's Abacus computer notes and case correspondence and showed that

[2] "Questions of value are peculiarly for the determination of the jury where there is any data in evidence upon which they may legitimately exercise their own knowledge and ideas and the same rule of course applies to bench trials based on quantum meruit for attorney fees." (Citations and punctuation omitted.) *Tolson*, 332 Ga. App. at 334.

8

$15,650 was a fair and reasonable value of the legal services provided. Additionally, the Board found that Flores had established that he was entitled to recover $1,530.00 in expenses. In contrast, the Board discounted Rodriguez's testimony as to the value of the services provided by Flores on her case because she has "only limited English and has no legal training, [and thus she] could hardly be fully aware of the work being performed on her behalf and its significance to her case, and certainly is not qualified to opine of the value of the work performed on her behalf."

In addition to testimony from a Flores legal assistant and associated counsel, the Flores' Abacus computer notes provide detailed entries regarding the work performed on Rodriguez's case and the time expended, and the case file correspondence provides further support. The file also contains documentation supporting the amount of expenses claimed by Flores. These documents belie Rodriguez's testimony regarding the limited nature and extent of the representation Flores provided to her. Attorney Jorge Flores stated in a notarized attachment to the lien that his firm had provided attorney and legal assistant services in the amount of $15,650 and had incurred expenses in the amount of $1,530. Although Cruz asserted that Flores failed to provide evidentiary support for the hourly rates Flores employed

9

in making these calculations, Cruz has never contested the overall amount of these calculations.

Accordingly, we find that the Board's findings have evidentiary support when the evidence is properly viewed in the light most favorable to Flores. Because the superior court erred in reversing the Board's award of attorney fees, we reverse the superior court's judgment and affirm the Board's award of attorney fees to Flores.

*Judgment reversed. Barnes, P. J., and Mercier, J., concur*.